## ERIE CRAWFORD OIL COMPANY *v.* MEEKS.

[No. 5,808. Filed May 28, 1907.]

1. **PLEADING.**—*Complaint.*—*Quieting Title.*—*"Oil and Gas" Lease.*—A complaint to quiet title alleging that the plaintiff is the owner in fee simple of certain property subject to an "oil and gas" lease, is good on demurrer.  p. 158.

2. **TRIAL.**—*Questions of Law.*—*Duty of Courts.*—*Jury.*—*Interrogatories.*—*Appeal.*—Courts, in the trial of civil cases, cannot delegate to the jury a pure question of law, nor can the courts take the opinion of the jury on matters of law by the submission of interrogatories; and if such interrogatories are submitted the answers will be disregarded on appeal.  p. 160.

3. **SAME.**—*Interrogatories to Jury.*—*Presumptions.*—All reasonable presumptions are indulged in favor of the general verdict and against the answers to the interrogatories to the jury.  p. 161.

4. **SAME.**—*Payments.*—*Presumptions.*—*Oil and Gas Leases.*—It will be presumed that payments made on an oil and gas lease were made to extinguish some liability thereon.  p. 161.

5. LEASES.—*Oil and Gas.—Contracts.—Consideration.*—The nominal consideration ordinarily expressed in a gas and oil lease does not constitute the entire consideration, the anticipated profits resulting from the sale of the products being the principal consideration. p. 161.

6. SAME.—*Gas and Oil.—Construction.*—Gas and oil leases are construed in view of the well known characteristics of the gas and oil business. p. 162.

7. SAME.—*Oil and Gas.—Extensions by Rental Payments.*—The lessee in an ordinary gas and oil lease cannot, over the objections of the landowner, refuse to develop the property and, by payment of the rentals provided, retain control of the land and prevent its development. p. 162.

8. SAME.—*Oil and Gas.—Extensions by Payment.—Reasonable Time.—Question for Jury.*—Where a gas and oil lease does not fix a definite time in which the property shall be developed, the lessee has only a reasonable time in which to develop same; and what is a reasonable time is ordinarily a question for the jury. p. 162.

9. TRIAL.—*Verdict.—Answers to Interrogatories.—Presumptions.—Intendments.*—All presumptions and intendments are made against the answers to the interrogatories to the jury and in favor of the general verdict. p. 163.

10. SAME.—*Instructions.—Law for the Court.—Facts for the Jury.*—An instruction, in a civil case, that the jury "are the sole judges of the law and the facts," is erroneous. p. 163.

11. SAME.—*Instructions.—When Harmless.*—An erroneous instruction which does not mislead the jury is harmless. p. 164.

12. SAME.—*Instructions.—Misleading.—Oil and Gas Leases.*—An instruction virtually submitting to the jury the interpretation of an oil and gas lease, where such interpretation is doubtful and material, is erroneous and misleading. p. 164.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Suit by Jacob Meeks against the Erie Crawford Oil Company, another intervening. From a decree for plaintiff, defendant alone appeals. *Reversed.*

*Abram Simmons, Frank C. Dailey, Griffith & Ross* and *Brownlee & Browne*, for appellant.

*Engle, Caldwell & Parry*, for appellee.

MYERS, J.—On May 31, 1904, appellee instituted this suit against appellant in the Randolph Circuit Court to quiet his title to certain real estate in Randolph county, Indiana. The cause was venued to the Jay Circuit Court, where Ralph

H. Clark, upon an intervening petition by him filed, was admitted as a party defendant. The complaint was in one paragraph, answered by a separate general denial on the part of appellant and Clark. A cross-complaint by Clark, answered by separate denials by appellant and appellee, formed the issues. Trial by jury, which, with its general verdict for appellee, returned answers to a number of interrogatories submitted by both appellant and appellee. Judgment was rendered in favor of appellee and against Clark and this appellant. Appellant alone appeals. The complaint avers that appellee ''is the owner in fee simple of the following described real estate, situate in the county of Randolph, State of Indiana, to wit: * * * Subject to the rights of Ralph H. Clark in said premises under and by virtue of a certain oil and gas lease executed thereon by this plaintiff on February 8, 1904, to said Clark, and now owned by him. That the defendant, Erie Crawford Oil Company, a corporation, claims an interest therein adverse to the plaintiff's right, which claim is without right and unfounded and a cloud upon plaintiff's title.'' To this complaint a demurrer for want of facts was overruled. Error is here assigned on that ruling. Also error that the complaint does not state facts sufficient to constitute a cause of action. Both errors call in question the sufficiency of the complaint. The complaint is attacked on the grounds (1) that the precise interest of Clark is not stated; (2) that the interest of appellee is left uncertain.

(1) It is averred that appellee is the fee-simple owner of the particularly described land, subject to an oil and gas lease held by Clark. The meaning of the phrase ''oil and gas lease'' is well understood (*Burton* v. *Forest Oil Co.* (1903), 204 Pa. St. 349, 355, 54 Atl. 266) ; by it the interest of Clark in the subject-matter of the action is not so indefinite and uncertain as to render the complaint insufficient on demurrer for want of facts, or when attacked for the first time in this court. The interest of Clark is in

the oil or gas found, or which may be found underlying the surface of the land. Further than this, appellee is averred to have the best title known to the law. In our opinion, the complaint is sufficient to withstand a demurrer.

(2) The third, fourth and fifth assignments of error are based upon the action of the court in overruling appellant's motion for judgment in its favor on the answers of the jury to interrogatories notwithstanding its general verdict.

The jury by its answers to interrogatories propounded by appellant found that on August 16, 1901, appellee was the owner of the real estate in question, and on that day executed to the Woodbury Glass Company an oil and gas lease, whereby, in consideration of the sum of $1, acknowledged, it granted all the oil and gas in and under said real estate, together with the right to enter thereon at all times for the purpose of operating and drilling for oil or gas, either or both, reserving to himself one-sixth of all oil produced and saved from said premises, to be delivered in pipe-lines for the term of five years from its date, and as much longer as oil and gas are produced in paying quantities or rental paid thereon. If gas only is found, the second party agrees to pay $50 per year for the product of each well while the same is being sold off the premises, reserving for a like period gas free of cost to heat the stove and light the jets in the dwelling-house then on the land. In case no well is completed in ————— years from date of lease, then the grant shall become null and void, unless the Woodbury Glass Company shall pay to Meeks, at Parker Bank, fifty cents per acre, payable semiannually, in advance, $——— for each year thereafter such completion is delayed. The lease contains other provisions unnecessary here to set forth. The lease was duly acknowledged and recorded in the recorder's office of Randolph county. By various assignments appellant on January 9, 1904, became the owner of the interest of the original lessee. Rental in the sum of $30.25 was paid to Meeks on September 6, 1901, and each March 6 and September 6 there-

after, the last payment being on March 6, 1903. On February 8, 1904, appellee executed an oil and gas lease on the same land to defendant Clark, but he neither drilled nor attempted to drill a well on the land, nor did he pay any rental for failing to drill a well within the year, as provided in the lease.. In answer to interrogatories propounded by appellee, the jury found that the rental paid on March 6, 1903, was on the lease executed August 16, 1901, and for the six months ending September 6, 1903, and was the last payment made; that appellant on May 24, 1904, left for appellee at the Parker Bank $60.50 as an instalment of rent, and also a receipt to be signed by appellee in case he accepted said instalment of rent, in words and figures as follows:

"Received of Erie Crawford Oil Company $60.50, being rental in full to September 16, 1904, for gas and oil lease on my farm on 121 acres."

Other answers show the payment of $30.25 on each September 6 and March 6 for rental each six months in advance for the period terminating September 6, 1903.

Appellant insists that the facts thus specially found by the jury are in irreconcilable conflict with the general verdict. In support of this insistence, appellant contends that the lease being in writing its construction was for the court, and not for the jury. As a proposition of law, it is well settled that courts cannot delegate to the jury a question which is wholly within the province of the court, nor by interrogatories take the opinion of the jury on matters of law. *Louisville, etc., R. Co.* v. *Pedigo* (1886), 108 Ind. 481, 484. In case such interrogatories are submitted, the answers thereto will be disregarded on appeal. *National Exchange Bank* v. *Berry* (1898), 21 Ind. App. 261; *Kelley Brewing Co.* v. *Parnin* (1895), 13 Ind. App. 588, 594; *Lautman* v. *Miller* (1902), 158 Ind. 382.

In the decision of the question now before us, it will be unnecessary to consider the answers fixing the date to which

the various payments extended the lease, or those in
3.   regard to the intention of the parties by the payment
and acceptance of rental.   As to the remaining an-
swers, all reasonable presumptions must be indulged in favor
of the general verdict and against such answers.   *Union
Traction Co.* v. *Sullivan* (1906), 38 Ind. App. 513, and cases
cited; *Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583;
*Roush* v. *Roush* (1900), 154 Ind. 562.

Appellant in this particular contention bases its argument
wholly on the lease, construing it to mean that no rental was
due until August, 1902, the four payments made
4.   thereon aggregating $121.   Nothing to the contrary
appearing, it may be presumed that men of ordinary
or extraordinary business sagacity pay their obligations
when due, and, assuming that the business of appellant was
being conducted upon business principles and according to
the usual and ordinary business methods, we may assume
that the payments thus made were on account of some liabil-
ity then due growing out of the transaction covered by the
lease, other than the inference drawn by appellant from the
answers.   Considering the instrument in question, denom-
inated a lease, as granting, for the consideration of
5.   $1, an option for one year to appellant to enter upon,
explore, and develop the land for oil and gas, in con-
nection with the nature and migratory habits of the sub-
stance granted, impels the belief that a consideration more
subsistent than that mentioned induced its execution, and
justifies a court in construing the instrument "with the
fact in view that a more substantial reason or reasons
prompted the making of the grant."   *Gadbury* v. *Ohio, etc.,
Gas Co.* (1904), 162 Ind. 9, 62 L. R. A. 895.   These reasons
appear from the contract to be the benefits and profits from
oil or gas to the landowner, in the way of royalties from
the oil, or well rental from the gas found, and to the grantee
"anticipated profits in vending the products of the wells it

should drill." *Consumers Gas Trust Co.* v. *Littler* (1904); 162 Ind. 320. The most that can be said of the lease is that it is to run for one year, and no more, unless acreage rental therein fixed is paid semiannually in advance. The grantee was not obligated to do anything. The drilling of a well or the payment of rental was left to its will. The lease is one belonging to its own class embracing indefinite and peculiar provisions, and "must be construed with reference to the known characteristics of the business." *McKnight* v. *Manufacturers Nat. Gas Co.* (1892), 146 Pa. St. 185, 23 Atl. 164, 28 Am. St. 790; *Leiter* v. *Emmons* (1898), 20 Ind. App. 22.

If appellant's construction of the lease before us is correct, then the right of appellant to exclude all others from interfering with the oil or gas underlying the surface of appellee's land would continue for a period of five years, conditioned only upon the payment of acreage rental. Such a construction cannot be upheld. *Consumers Gas Trust Co.* v. *Littler, supra.* In the case last cited, the court in construing a lease, in many respects similar to the one now under consideration, said: "It is as obvious as if expressed that the real intention of the parties was that the gas company or its assigns should, with diligence, or within a reasonable time, enter upon the premises and drill a well, and thereby test the existence or nonexistence and continuance of the fluids in paying quantity." The lease does not fix a time when the grantee shall begin operations. It does say "in case no well is completed in —— years from this date, then this grant shall become null and void, unless second party shall pay to the first party at Parker Bank fifty cents per acre," etc. But the provision of the lease last quoted, as we have seen, gives to the grantee a reasonable time only in which to begin operations. *Consumers Gas Trust Co.* v. *Worth* (1904), 163 Ind. 141. What would be a reasonable time depends upon all the facts and circumstances bearing upon that question, and

is usually a question of fact and not one of law. *American Window Glass Co.* v. *Indiana, etc., Oil Co.* (1906), 37 Ind. App. 439, and cases cited. For aught that appears from the facts admitted to be properly found by the jury, appellee at the time of the execution of the lease may have demanded of appellant that it proceed at once to develop the land, or begin the payment of acreage rental. The parties may have agreed that September 6 following would be a reasonable time under all the circumstances when the work should commence or rental begin. As against the answers of the jury we may presume that possession of the land was not taken by appellant or its assignors or any work done under the lease. These assumed facts, the fact of four rental payments, and the lease taken as a whole, with its indefinite and peculiar provisions, do not warrant us in saying that the isolated facts found by the jury and the general verdict are in such irreconcilable conflict that both cannot stand. In *American Window Glass Co.* v. *Indiana, etc., Oil Co., supra,* the lease was for a period of twelve years, operations under it to commence within one year, or, in lieu thereof, a fixed amount per annum to be paid thereafter. In that case the grantee was bound to proceed with the work or pay. In this case the lease does not obligate the grantee to do either, and is not therefore controlled by the case last cited.

(3) The overruling of appellant's motion for a new trial is assigned as error. It is argued that the court erred in giving and refusing to give certain instructions. By instruction two the court told the jury that "under the law of this State, you are the sole judges of the law and the facts in this case, and also the credibility to be given to the testimony of the witnesses who have testified in the cause," etc. No doubt, as appellee contends, this instruction was inadvertently given, but nevertheless it went to the jury with its full force and effect. Appellee insists that this error was harmless because it appears that on the merits of

the case a right result was reached and substantial justice done. Citing §§401, 670 Burns 1901, §§398, 658 R. S. 1881, and decisions of the Supreme Court and this court.

The books are full of statements to the effect that, where the record affirmatively shows that the jury was not misled or no harm was done to the complaining party by an erroneous instruction, it will be regarded as harmless.

But the question of whether the error was influential is made to depend upon the particular facts of each case. In *American Car, etc., Co.* v. *Clark* (1904), 32 Ind. App. 644, 653, the court said: "The presumption is that the law was correctly stated (§542 Burns 1901, sub. 5; *Herron* v. *State* [1897], 17 Ind. App. 161), and that the instructions were followed by the jury. [Citing authorities.]   This is nothing more than an application of the presumption of right action, to the benefit of which every court and officer is entitled. [Citing authorities.] 'It constitutes reversible error if inapplicable instructions tend to injure the complaining party.' "   In this jurisdiction all questions of law in civil cases are exclusively for the court, and their settlement is conveyed to the jury in the form of instructions as the law of the case. *Lawler* v. *McPheeters* (1891), 73 Ind. 577, 579. The facts are for the jury. The court and the jury act independently, and neither has authority to invade the province of the other. Nor can the court by instructions refer to the jury a question of law. *Riley* v. *Watson* (1862), 18 Ind. 291; 11 Ency. Pl. and Pr., 57-60. The controlling question in this case largely depended upon a construction of the lease. The interpretation of the lease was for the court. *Mondamin, etc., Dairy Co.* v. *Brudi* (1904), 163 Ind. 642. It was the duty of the court "to instruct the jury as to its legal effect." *H. G. Olds Wagon Works* v. *Coombs* (1890), 124 Ind. 62, 65. It was error to leave the question of its construction to the jury. *Zenor* v. *Johnson* (1886), 107 Ind. 69. The influential effect of this error cannot be measured with certainty by the record. As

we have said, the lease before us belongs to a class embracing indefinite and peculiar provisions, and, in view of the construction given this class of contracts by the court of last resort in this State, it was proper for the court, by extrinsic evidence, to be placed as near as possible in the position the parties occupied at the time the lease was executed. *Cravens* v. *Eagle Cotton Mills Co.* (1889), 120 Ind. 6, 16 Am. St. 298; *Consolidated Coal, etc., Co.* v. *Mercer* (1896), 16 Ind. App. 504. This right is for the purpose of construing the lease, and not for the purpose of applying it. It has been held that the court may "direct the jury that the instrument may mean one thing or the other, depending upon extraneous circumstances to be found by them from the evidence." *H. G. Olds Wagon Works* v. *Coombs, supra.* By this latter method the questions of law are still for the court, likewise the construction of the contract, the facts only being referred to the jury. But by the instruction now under consideration, the court directed the jury that they were the "sole judges of the law and the facts," thereby authorizing the jury to construe the contract according to their own notions of the law applicable to the facts, and, in our opinion, was reversible error.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.