GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN *v.* CLARK.

[No. 23,331.	Filed May 12, 1920.]

1. PLEADING.—*Demurrer.*—*Statutory Causes.*—A complaint is good as against a demurrer stating none of the causes enumerated in §344 Burns 1914, Acts 1911 p. 415. p. 376.

2. PLEADING.—*Foreign Laws.*—*Statutes.*—In pleading a foreign law it is not sufficient to state the effect thereof, but the law must

Grand Lodge, etc., Trainmen *v.* Clark—189 Ind. 373.

be set out specifically and definitely so that the court can determine its applicability to the facts pleaded; if such law is statutory, that part upon which the pleader relies must be set out verbatim. p. 378.

3.   INSURANCE.—*Fraudulent Application.—Rescission.*—To rescind a benefit insurance policy for fraudulent representations of the insured, the insurer must act within a reasonable time after discovery of the facts, and return, or offer to return, the premiums paid, so as to place the insured in *statu quo;* otherwise the insurer affirms the contract.   p. 379.

4.   INSURANCE.—*Action on Policy.—Breach of Warranty.—Answer.* —In an action on an insurance policy, an answer relying on breach of warranty to avoid the policy must show a return, or an offer to return, the premiums within a reasonable time after discovery of the breach.   p. 380.

5.   INSURANCE.—*Avoidance of Policy.—Return of Premiums.—Reasonable Time.*—What is a reasonable time for rescission of an insurance policy after discovery of the insured's fraudulent representations, though ordinarily a question of fact, is a question of law where the facts are ascertained or where they are undisputed or admitted.   p. 380.

6.   INSURANCE.—*Avoidance of Policy.—Return of Premiums.— Reasonable Time.*—The payment of a premium into court by the defendant insurer more than seventeen months after discovery of facts relied on to avoid the policy for fraud,, and after the cause had been set for trial, no tender ever having been made to the plaintiff beneficiary or to any one authorized to act for him, was not within a reasonable time, nor was it sufficient as a tender.   p. 380.

7.   INSURANCE.—*Avoidance of Policy.—Return of Premiums to Bene⸱ ficiary.*—After the death of the insured, a tender of premiums in avoidance of the policy for breach of warranty or for fraud must be made to the beneficiary.   p. 380.

8.   TENDER.—*Payment Into Court.*—A tender of money, to be sufficient, must first be made to the party entitled to receive it, or to some one authorized to receive it for him, and if refused the money must then be paid into court for his use and benefit. p. 381.

9.   APPEAL.—*Constitutional Questions.—Avoidance.*—The Supreme Court will not consider constitutional questions where the determination thereof is not necessary to dispose of the appeal. p. 381.

From the Marion Superior Court (99,537); *Vincent G. Clifford,* Judge.

Action by Frank S. Clark against the Grand Lodge of the Brotherhood of Railroad Trainmen. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*M. L. Clawson,* for appellant.
*Bailey & Young,* for appellee.

WILLOUGHBY, J.—This was a suit brought by appellee against appellant to recover upon a beneficiary certificate or policy of insurance issued by appellant to the decedent and the insured, who was a brother of the appellee, in which suit the appellee recovered a judgment against the appellant in the sum of $1,650, from which judgment appellant appeals, and alleges that the court erred in overruling appellant's demurrer to appellee's amended complaint, and that the court erred in sustaining the demurrer of appellee to appellant's amended second paragraph of answer to the amended complaint.

The complaint alleges that the defendant, appellant, is a fraternal benefit association doing business under the laws of Ohio; that the policy was in the sum of $1,500, and was payable to the appellee, Frank Sylvester Clark, upon the death of the insured, George Clark, pursuant to the application by assured. A copy of the application is filed with the complaint and made a part thereof, marked exhibit A. A copy of the policy is also filed and made a part of the complaint, and marked exhibit B. The complaint alleges that the premiums were paid, and that the insured and decedent had done all that was required of them under the terms of the contract of insurance; that the insured, George Clark, died on June 23, 1913; that all assessments and obligations on the part of the assured

had been paid and satisfied before his death. It further alleges that proof of death was made to the lodge of which deceased was a member; that the appellant, defendant in the suit below, refused to pay, and plaintiff alleges that on account of the unnecessary delay in the payment of said policy there is interest due on same from the date of decedent's death, amounting in all, principal and interest, to $1,650.

Defendant filed a demurrer to the complaint, and the demurrer, omitting the caption and signature, is as follows: "The defendant, Brotherhood of

1. Railroad Trainmen, demurs to plaintiff's amended complaint herein, and for cause of demurrer says: 1. That said amended complaint does not state any obligation between plaintiff and defendant. 2. That the basis of plaintiff's complaint is the insurance policy issued by defendant to plaintiff, and that it is not a part of said amended complaint, either in body thereof, or attached by exhibit thereto. 3. That said amended complaint does not state that all payments by the insured prior to his death were made at or before the times required by said defendant in its said insurance application and policy. The amended complaint simply says that said payments were made prior to the insured's death." The complaint was good as against the objections urged, and no error was committed by the court by overruling it. §344 Burns 1914, Acts 1911 p. 415; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710, and cases there cited; *State* v. *Katzman* (1903), 161 Ind. 504, 69 N. E. 157; *Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481, 82 N. E. 494.

Appellant filed an answer in two paragraphs. The first paragraph was a general denial. The second

paragraph referred to as the second amended paragraph alleged fraudulent misrepresentations by decedent to procure the issuance of the policy sued on, and alleges that the applicant falsely stated that for five years prior to January 9, 1913, the general condition of his health was good.

After alleging that decedent knew of the condition of his health, and that it was bad, and that he had been an inmate of various sanitariums, and had been treated by a physician for myalgia and rheumatism within the last five years preceding his application, said defendant goes on to state that the policy was issued under the laws of the State of Ohio, and that the construction and interpretation of the laws of the State of Ohio were to the effect that said beneficiary certificate issued to plaintiff was null and void by reason of said false and fraudulent representations in the application made by decedent, and a refund of premiums by defendant was unnecessary, but that on March 11, 1916, the said defendant paid to the clerk of the court for the use and benefit of the plaintiff the sum of $23.50, being in full of all premiums, dues, fines and assessments paid by decedent to the defendant, with interest at six per cent. from the time of payment; that on September 28, 1914, defendant had knowledge that decedent had made said fraudulent misrepresentations in said application; that said decedent at the time of his death was in good standing with defendant organization, and had paid all fines, dues, and assessments and premiums required by said defendant under and by the terms of his application and certificate, and was not in arrears in any way, and that said decedent died on June 23, 1913. Appellant also alleges in said paragraph of answer

that the decedent made certain misrepresentations as to his qualifications for membership in the appellant association, but does not allege any facts showing injury to appellant by reason of such misrepresentations.

To said paragraph of answer plaintiff demurred for the reason that said paragraph does not state facts sufficient to constitute a cause of defense. This demurrer was sustained. The defendant excepted, and withdrew his first paragraph of answer, which was a general denial, and refused to plead further. The court then rendered judgment in favor of plaintiff in the sum of $1,650, together with the costs of action.

It will be observed in this case that the appellant does not state whether or not the laws of Ohio upon which he relies were statutory. He does not state what the laws are, but he states what, in his opinion, is the effect of those laws. It is not sufficient in a pleading to state the effect of the laws of a sister state, but such laws must be pleaded as facts are pleaded, and must state what the laws are, and not what the effect of them may be. The amended second paragraph of answer is insufficient as pleading the laws of the State of Ohio. To plead a foreign law, either in complaint or answer, the law must be set out specifically and definitely so that the court can construe the law as applicable to the facts pleaded in such complaint or answer. If such law is statutory, that part of the statute must be set out verbatim. *Lomb* v. *Pioneer Savings, etc., Co.* (1892), 96 Ala. 430, 11 South 154; *Thomas* v. *Grand Trunk R. Co.* (1899), 1 Pennewill (Del.) 593, 42 Atl. 987, 988; *Shaw* v. *Wood* (1856), 8 Ind. 518; *Buchanan* v. *Hubbard* (1889), 119 Ind. 187, 21 N. E. 538; *Billingsley*

v. *Dean* (1858), 11 Ind. 331; *Malott, Rec.,* v. *Sample* (1905), 164 Ind. 645, 74 N. E. 245, and cases cited; *Hempstead* v. *Reed* (1827), 6 Conn. 480; *Walker* v. *Maxwell* (1804), 1 Mass. 104; *Bierhaus* v. *Western Union Tel. Co.* (1893), 8 Ind. App. 246, 34 N. E. 581.

This paragraph of answer alleges that: "At all times herein mentioned the said decedent at the time of his death was in good standing with defendant organization, and had paid all fines, dues, assessments and premiums required by said defendant under and by the terms of his application and the certificate sued on herein, and was not in arrears in any way." Said paragraph of answer also alleges that "the decedent died on the 23rd day of June, 1913; that on the 28th day of September, 1914, the defendant had knowledge and information as to all of the alleged false and untrue warranties, and thereafter, to wit, on the 1st day of March, 1915, finally disallowed plaintiff's claim, and that this action was filed June 29, 1915; that no tender either to the plaintiff or any person representing the decedent was made until March 11, 1916."

Under the law as laid down by numerous decisions in this state, a person seeking to rescind a contract of this kind for fraud must do so within a 3. reasonable time or with reasonable promptitude, after knowledge of the facts relied upon for a rescission, and must return or offer to return the consideration, and place the other party in *statu quo* within a reasonable time after he knows, or should know, of the matter giving the right to rescind, and failure to do so affirms the contract. *American Central Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380, and cases there cited; *Supreme*

*Tribe, etc.* v. *Lennert* (1912), 178 Ind. 122, 98 N. E. 115; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914A 968.

4. In an action on an insurance policy, an answer setting out a breach of warranty and an avoidance of the policy must show a return, or an offer to return, the premium within a reasonable time after the discovery of the alleged breach. *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760; *Horner* v. *Lowe* (1902), 159 Ind. 406, 64 N. E. 218.

5. In such cases a reasonable time is ordinarily a question of fact, but where the facts have been ascertained, or when they are undisputed or admitted, it becomes a question of law. *Pickel* v. *Phenix Ins. Co.* (1889), 119 Ind. 291, 21 N. E. 898.

6. In the instant case no tender was made until more than seventeen months had elapsed after the appellant had learned of the fraudulent acts of appellee, and no tender was made at any time to appellee or to any person authorized to act for him.

7. But after the beginning of the suit, after the case had been called for trial, the defendant, appellant, asked and procured leave of the court to make an amendment to his answer showing the payment of the amount of the premium with interest thereon into court. This was not a compliance with the law requiring the defendant, if he desires to rescind a contract on account of fraud, to put the plaintiff in *statu quo*. After the death of assured, a tender of the premium in avoidance of the policy for breach of warranty, or for fraud, must be made to the beneficiary. *American Central Life Ins. Co.* v. *Rosenstein, supra.*

A tender of money, to be sufficient, must first be offered to the party entitled to receive it, or to some one authorized to receive it for him, and, if refused, the money must then be paid into court for his use and benefit. *Phoenix Ins. Co.* v. *Overman* (1898), 21 Ind. App. 516, 52 N. E. 771.

8.

The payment of the premium with interest into court on the date and under the circumstances named in said second paragraph of answer was not within a reasonable time and was not a sufficient tender within the meaning of the law. No error was committed by the court in sustaining the demurrer to this paragraph of answer.

Appellant in its brief argues certain constitutional questions, but, in view of the conclusion reached in this case on the demurrer to said paragraph of answer, such questions do not arise and need not be considered. *Hewitt* v. *State* (1908), 171 Ind. 283, 86 N. E. 63; *Cleveland, etc., R. Co.* v. *Hollowell* (1909), 172 Ind. 466, 471, 88 N. E. 680; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 430, 73 N. E. 890; *Hunt* v. *State* (1917), 186 Ind. 644, 648, 117 N. E. 856.

9.

No error being shown in the record, the judgment is affirmed.