STATE LIFE INSURANCE COMPANY v. PLETCHER.

[No. 11,270.    Filed March 31, 1922.]

1. TENDER.—*Requisites.*—*Refusal.* — *Payment into Court.* — A tender of money, to be available, must first be offered to the party entitled to receive it, or to some one authorized to receive it in his behalf, and if refused, paid into court for his use and benefit. p. 129.

2. TENDER.—*Sufficiency.*—*Mailing Check to Beneficiary of Life Policy for Premiums Paid.*—Where a life insurance company denied liability on a policy because of alleged false statements as to the physical condition of the insured, the mailing of its check by the company to the beneficiary for the amount of the premiums paid by the insured, which was returned by the beneficiary, is not a legal tender of the return of the premiums. p. 129.

3. INSURANCE.—*Life Insurance.*—*Avoidance of Policy for Misrepresentations.*—*Failure to Tender Return of Premiums.*—In

an action by the beneficiary on a life policy in which the insurer denied liability on the ground of false representations by insured as to the condition of his health, it was proper for the court to instruct the jury to return a verdict for plaintiff where the insurer failed to prove a legal tender for the return of the premiums paid by insured.  p. 131.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Ada Pletcher against the State Life Insurance Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Robert E. Proctor,* for appellant.

*James L. Harman* and *Oscar Jay,* for appellee.

NICHOLS, J.—Action by appellee against appellant upon an insurance policy in which she was named as the beneficiary.

The complaint was answered in three paragraphs, the first a denial, and the second and third involving false and fraudulent answers in the application for insurance.

A demurrer to the appellee's second paragraph of reply which paragraph involves the question of estoppel, was overruled.

The cause was submitted to a jury for trial, and, at the close of the evidence, appellee filed her motion to instruct the jury to return a verdict for $5,000 in her favor which motion was sustained by the court.

Appellant presents two errors to wit:  error of the court in overruling its demurrer to the second paragraph of reply, and in overruling its motion for a new trial.

It appears by the uncontradicted evidence that appellant, for the purpose of showing tender of the return of the premium, offered in evidence a voucher issued by it in the sum of $193.82, in favor of appellee dated October 5, 1920.  Appellee of-

fered in evidence a letter of the same date wherein appellant denied liability on account of the false statements as to the physical condition of the insured and stated that the premium of $186.55 with interest thereon from date of application to December 12, 1920, was returned to appellee. Appellee also offered in evidence a letter dated December 10, 1920, to Messrs. Harmon and Jay, Attorneys, Elkhart, Indiana, which letter was from the vice-president of appellant company and called attention to the letter of October 5, in which the company denied liability, and to the fact that a check for $186.55 in repayment of the premium on the policy was forwarded to appellee, and that appellee had returned the check to appellant company where it was held subject to order. This evidence which is wholly uncontradicted is all of the evidence pertaining to any tender by way of repayment of the premium which the insured had paid, and clearly it does not appear therefrom that there was any legal tender of the premium sought to be returned to appellee, nor does the record show a payment or bringing into court by appellant of the return premium. A tender of money to be available must first be offered the party entitled to receive it, or to some one authorized to receive it for him, and if refused, the money must then be paid into court for his use and benefit. *Grand Lodge, etc., Trainmen* v. *Clark* (1920), 189 Ind. 373, 127 N. E. 280; *Phoenix Ins. Co.* v. *Overman* (1899), 21 Ind. App. 516, 52 N. E. 771. In the instant case there was no tender of the money, but a mailing to appellee of a personal check of appellant, and thereafter there was a failure to pay into court. This does not amount to an available legal tender. *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760.

Appellant having failed to prove a legal tender for repayment of the premium, the court did not err in in-

structing the jury to return a verdict for
3. appellee. Having reached this conclusion we do
not need to discuss the alleged error with refer-
ence to the ruling of the court on the demurrer to the
reply.

The judgment is affirmed.