NATIONAL COUNCIL OF THE KNIGHTS AND LADIES
OF SECURITY *v.* WALTON.

[No. 11,269.    Filed June 27, 1922.    Rehearing denied November
21, 1922.    Transfer denied April 25, 1923.]

1. INSURANCE.—*Contract.—Rescission.—Fraud.—Return of Pre-
miums.*—Where an insurer desires to rescind its contract on
the ground of fraud, it must return, or offer to return, the con-
sideration within a reasonable time after acquiring knowledge
of the fraud; and, if there be no rescission during the life of
the insured, then, after his death, the insurer must tender the
consideration to the beneficiary within a reasonable time after
acquiring knowledge of the fraud, and, if the beneficiary re-
fuses to accept the consideration, the money must be brought
into court for his use, and failure to comply with this rule is
a waiver of the fraud.    p. 575.

2. INSURANCE. — *Action on Policy. — Answer. — Sufficiency.—
Fraud.—Return of Premiums.*—In an action on a benefit cer-
tificate, an answer, seeking rescission for fraud and attempting
to explain the failure to return premiums promptly, but fail-
ing to state when the insurer acquired knowledge of alleged
fraud on the part of insured, *held* insufficient.    p. 576.

From Gibson Circuit Court; *Thomas Duncan,* Spe-
cial Judge.

Action by Elizabeth Walton against the National
Council of the Knights and Ladies of Security. From
a judgment for plaintiff, the defendant appeals. *Af-
firmed.*

*Arthur W. Fulton, Harvey Harmon* and *Edmund L.
Craig,* for appellant.

*John M. Vandeveer, Sanford Trippett, Albert W.
Funkhouser, Arthur F. Funkhouser, Simon L. Vande-
veer* and *Robert D. Markel,* for appellee.

DAUSMAN, J.—This action was instituted by the ap-
pellee Elizabeth Walton to recover on a beneficiary cer-
tificate issued by the appellant to her son, Curtis Wal-
ton, in which certificate she was named as the sole bene-
ficiary. The trial resulted in a finding and judgment

for the plaintiff. The only alleged errors presented are the sustaining of a demurrer to the amended fourth paragraph of answer and to the sixth paragraph of answer respectively. By each of these paragraphs the defendant sought to interpose the defense of fraud, based on certain statements made by the insured in his application.

The averment in the amended fourth paragraph, relating to the effort to rescind the contract of insurance, is that the defendant did not know that the statements were false until after the death of the insured, and for that reason the defendant was unable to return the consideration to him; that no administration has been granted on his estate and there is no personal representative to whom the consideration could be tendered; and that the defendant now brings into court the dues and assessments for the benefit of whomsoever may be entitled thereto.

In this jurisdiction the rule is well established that where an insurer desires to rescind the contract on the ground of fraud, it must return, or offer to return, the consideration within a reasonable time after acquiring knowledge of the fraud; but if there be no rescission during the life of the insured, then, after his death, the insurer must tender the consideration to the beneficiary within a reasonable time after acquiring knowledge of the fraud, and if the beneficiary refuses to accept the consideration, the money must be brought into court for the use of the beneficiary. Failure to comply with this rule amounts to a waiver of the fraud. *Grand Lodge, etc., Trainmen* v. *Clark* (1920), 189 Ind. 373, 127 N. E. 280; *Supreme Tribe, etc.* v. *Lennert* (1912), 178 Ind. 122, 98 N. E. 115; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914A 968; *American, etc., Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App.

537, 92 N. E. 380; *Anchor Life Ins. Co.* v. *Meyer* (1916), 61 Ind. App. 35, 111 N. E. 436; *State Life Ins. Co.* v. *Pletcher* (1922), 78 Ind. App. 128, 134 N. E. 876.

The averment in the amended fourth paragraph of answer does not show a compliance with the rule above stated. The time when knowledge of the fraud

2. was acquired is not disclosed; therefore it is impossible to determine from that paragraph of answer whether or not the insurer acted with reasonable promptitude. Furthermore, there is no averment in that paragraph that the consideration was tendered to the beneficiary.

What we have said concerning the amended fourth paragraph of answer is equally applicable to the sixth. Each of these paragraphs is fatally defective.

Considerable is said in appellant's brief on the proposition that the beneficiary certificate is a Kansas contract and governed by the law of that state; but nothing is presented which requires a decision on that feature.

Judgment affirmed.