HENRY KASTENS, complainant-respondent,

*v.*

WILLIAM RULAND and MATHILDA ·RULAND, defendants-
appellants.

[Submitted November term, 1922.   Decided March 5th, 1923.]

Where an option to purchase a property was given "at any time
within two years from the date hereof at a price to be agreed upon,
but not to exceed the sum of $16,500," and before the expiration
thereof the owner was tendered a sum which, with the mortgages
upon the property, equaled the sum of $16,500, which was refused, and
later, and before the expiration of the time named in the option, the
complainant served a written notice upon the defendant demanding a
deed and declaring himself ready and willing to pay the sum of
$16,500 therefor, such option is not indefinite, and, although the first
tender was not proper, but as it was not refused on that ground, but
because the owners had determined not to sell, and the further offer
in writing to pay the full amount in cash was ignored, the com-
plainant is entitled to a decree for specific performance.

On appeal from a decree advised by Vice-Chancellor Ste-
venson.

*Mr. Robert Carey,* for the appellants.

*Messrs. McDermott, Enright & Carpenter* and *Mr. Otto
Venino, Jr.,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

A bill for specific performance was filed by the complain-
ant-respondent, in the court below, based upon an option
contained in a written agreement entered into between him
and the defendants-appellants, whereby the latter agreed to
sell to the former "that certain butcher store, located at No.

637 Bergenline Avenue, in the town of West New York, New Jersey, for the sum of three thousand dollars ($3,000)," to be paid in installments; and it was further agreed that "the sale should include all stock of fixtures and all other paraphernalia contained in said business," &c.   The option was as follows:

"The party of the first part hereby further agrees to grant to the said party of the second part the first and prior option of purchasing the said premises located as above set forth, at any time within two (2) years from the date hereof, at a price to be agreed upon, but not to exceed the sum of sixteen thousand five hundred dollars."

The agreement bears date May 28th, 1919.

The undisputed facts are that on June 2d, 1919, the complainant having completed the purchase of the butcher business entered into possession of the entire premises designated as No. 637 Bergenline avenue, under a written lease for the term of three years, from June 1st, 1919, as tenant of the appellants.   About two months before the expiration of the option, the respondent having ascertained by a search of the title to the premises that the property was subject to a first mortgage of $7,000 and a second mortgage of $6,000, aggregating $13,000, he made a tender to the defendants of $4,000 in cash and offered to purchase the premises mentioned in the option for $16,500.   The appellants not only refused the offer but refused to sell the property.

Later, but before the expiration of the option, the complainant served a written notice upon the defendants, availing himself of the option to purchase the premises, demanded a proper deed conveying a good title free and clear of all liens and encroachments, and declared himself ready and willing to pay $16,500 in cash therefor.   The defendants ignored the notice, and, thereupon, before the expiration of the option, the complainant filed his bill for specific performance.

The learned vice-chancellor on these state of facts decreed specific performance, in which result we concur.

The first two grounds of appeal relied on by counsel of appellants for a reversal of the decree are that the option is too uncertain and indefinite to be enforced; in that it is not

complete in all its parts, as some of its terms must be left to be settled by future negotiations.

This contention lacks substance. It is not claimed that the premises to be conveyed are not sufficiently designated, but is argued that by the terms of the option the parties thereto contemplated the entering into another and more definite agreement in the future should the defendants elect to sell and the complainant elect to purchase, at which time the terms on which the property should be sold was to be definitely decided. But this is mere and unwarrantable conjecture. The price to be paid for the property was "not to exceed.$16,500." This was a definite fixing of the price to be paid by the complainant, if at any time within the life of the option he exercised his right to purchase the property.

The fact that the premises were subject to two mortgages, aggregating $13,000, and of which no mention was made in the option and how they were to be dealt with, does not render the option indefinite, because, under a plain legal rule of construction, it must be held that the price of $16,500, fixed for the sale of the property, without stating any terms, meant cash.

It is further urged that no proper tender was made by the complainant.

The defendants' equity in the property in question was $3,500. The complainant tendered $4,000 in cash to the defendants for their equity, which they refused to accept. We do not think the tender was proper.

While the sum tendered might have been sufficient to pay for the defendants' equity in the property, it would not be a good and sufficient tender if the defendants were liable on the mortgage bonds. But it appears that the tender was not refused by the defendants on any such ground, for, according to the testimony, their refusal to accept the money and give a deed for the property was the result of a determination on their part not to sell. Whether, under such circumstances, there was a waiver of any further tender on part of the complainant is not necessary to decide, for it appears that before the expiration of the option the complainant gave a written

notice to defendants of his exercise of the option and of his readiness and willingness to pay $16,500 in cash for the premises, with the request that the defendants notify him in writing of the time and place, when and where the deed will be ready for delivery and the encumbrances discharged and payment made to the defendants. The defendants paid no heed to this notice, and the only reasonable inference is that they did not intend to carry out the terms of the option. Besides all this the defendants in their answer nowhere allege absence of a proper tender. While a tender could only be properly made by the production of the money equivalent to the amount required to be paid, this formality may be waived by the conduct of the parties. We think there was evidence of such conduct on part of the defendants as to amount to a waiver of formal tender.

The only other objection urged against the validity of the decree is that the complainant in demanding a deed free of encroachments, when he knew that the premises were encumbered, was demanding the defendants to perform an impossibility.

There was no such defence interposed. There was no testimony tending to show that there was any encroachment upon the property. In fact, from aught that appears there is none.

The decree is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK—12.

*For reversal*—None.