SOFNAS *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

[No. 15,967. Filed June 13, 1939. Rehearing denied January 23, 1940. Transfer denied March 5, 1940.]

*Leo Kaminsky, Wymond J. Beckett,* and *Henry White* (of counsel) for appellant.

*Sidney S. Miller, Harold H. Bredell,* and *George Staff* (of counsel) for appellee.

STEVENSON, C. J.—The appellant was the beneficiary under a policy of insurance issued by the appellee on the 11th day of October, 1930, by which the appellee insured the life of one Charles Sofnas for the principal sum of $5000.00. The insured died on January 5, 1931. The appellee refused to pay the death claim and suit was brought by the appellant on the policy.

The issues were formed upon a complaint in one paragraph which set out a copy of the policy as an exhibit. The defendant filed answer in three paragraphs. The third paragraph of answer alleged false statements in the application with reference to certain medical attention and diseases which the insured had experienced immediately preceding the issuance of the policy and alleged that the insured Charles Sofnas was suffering from cancer at the time of the application for and issuance of the policy and that he had received hospital treatment therefor, all of which facts were denied by the insured in his application. The appellee denied liability because of such false representations. To this paragraph of answer the appellant filed a reply setting out in the second paragraph thereof facts which were deemed to constitute a waiver of the right to rely upon such representations.

The case was submitted to a jury for trial which returned a verdict for the defendant (appellee herein). Motion for new trial was filed and overruled and this appeal has been perfected.

The error assigned is the overruling of the motion for new trial. The first question presented under such assigned error is to the effect that the verdict of the jury is not sustained by sufficient evidence for the reason that the appellee failed to tender back everything of value which it had received from the insured as a consideration for the policy of insurance.

The evidence disclosed among other things the following facts: the insured, Charles Sofnas, in October, 1930, was operating a printing shop in Indianapolis in which his son, the appellant, was employed; that in 1929 the appellee had issued to Charles Sofnas a policy of insurance in the principal sum of

$1000.00 in which the wife of the insured, Rebecca Sofnas, was made beneficiary. On the 11th day of October, 1930 the appellee's soliciting agent took the application of Charles Sofnas for an additional policy of insurance in the sum of $5000.00 and on that date the appellant gave to the agent his promissory note due 90 days after date in the sum of $78.55, as payment of the first quarterly premium on said policy. At that time it was discovered that the insured had overstated his age in his application for the prior policy of insurance issued by the appellee company in January, 1929 and by reason of such error he was entitled to a refund from the company in the sum of $13.45 for overpayment of premium. Accordingly, on October 29, 1930 the company's agent delivered to the insured the policy applied for and with it the company's check for $13.45 representing said refund. This check the insured endorsed and delivered to the appellant in payment of a debt. The appellant in turn immediately delivered said check to the company's agent with instructions that said sum be credited on his note. This was accordingly done and the note was credited with the payment of $13.45 by the company's state manager.

The appellee company, after the death of the insured, sought to avoid payment of the policy by alleging fraud and misrepresentation in its procurement and shortly after the death of the insured the appellee company tendered back to the appellant his promissory note, but no money. The appellant contends that this tender was insufficient in law upon which to predicate a rescission of the contract of insurance.

It is the law in Indiana that in all cases of rescission of a contract the party rescinding must re-

store or offer to restore everything of value which he has received under the contract. *Modern Woodmen of America* v. *Vincent* (1907), 40 Ind. App. 711, 80 N.E. 427. It is further the law that where a tender back is necessary in order to effect a rescission of a contract of insurance, such tender to be sufficient must first be offered to the beneficiary named in the policy. *American Central Life Insurance Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N.E. 380; *Grand Lodge, etc.* v. *Clark* (1920), 189 Ind. 373, 127 N.E. 280. It is further the law that a tender of money to be sufficient must first be offered to the party entitled to receive it and, if refused, the money must then be paid into court for his use and benefit. *(Phoenix Ins. Co.* v. *Overman* (1899), 21 Ind. App. 516, 52 N.E. 771; *Grand Lodge, etc.* v. *Clark,* supra; *State Life Ins. Co.* v. *Pletcher* (1922), 78 Ind. App. 128, 134 N.E. 876.) These rules and the cases supporting them were all before this court in the case of *National Council etc.* v. *Walton* (1923), 79 Ind. App. 574, 575, 136 N.E. 25, and the court stated the rule very succinctly in the following language:

"In this jurisdiction the rule is well established that where an insurer desires to rescind the contract on the ground of fraud, it must return, or offer to return, the consideration within a reasonable time after acquiring knowledge of the fraud; but if there be no rescission during the life of the insured, then, after his death, the insurer must tender the consideration to the beneficiary within a reasonable time after acquiring knowledge of the fraud, and if the beneficiary refuses to accept the consideration, the money must be brought into court for the use of the beneficiary. Failure to comply with this rule amounts to a waiver of the fraud."

The appellee does not challenge the correctness of these rules of law but takes the position that the appellant by failing to object to the sufficiency of the tender made has waived his right to now question the same. The appellee contends that it is apparent that the tender or offer to return the cash paid would have been unaccepted and therefore it was not necessary to make it. While there is some authority to the effect that in certain instances, and under certain circumstances, a tender of money due may be deemed waived, yet the appellee has called the court's attention to no authority which relieves an insurance company from the duty of tendering back everything of value which they have received in consideration for the issuance of a policy of insurance, if they elect to rescind such contract by reason of fraud or false statements contained in the application. The burden is upon the party seeking to rescind to tender back everything of value which has been received and there is no duty on the part of the other party to state the reasons which prompts him to refuse such tender. He can not be held to have waived any rights therefore by failing to state the grounds of his refusal.

The appellee further contends that there was evidence offered from which the jury might have found that the company paid the $13.45 to Rebecca Sofnas on February 24, 1931; that since there was evidence that the appellant was attending to his mother's business at that time, the jury might have inferred that she had given this money to the appellant, and if so, he is not now in a position to complain. We think this contention of the appellee cannot be sustained. The appellee was duty bound to tender back the $13.45 to the beneficiary, the appellant in this case. A tender or payment to

some one else does not operate to discharge this duty. *American Central Life Ins. Co.* v. *Rosenstein,* supra. There was no evidence in this case from which the jury might infer that this 'money eventually reached the hands of the appellant in discharge of the obligation which the appellee owed him if they desired to rescind this contract.

On this phase of the case the court gave appellee's Instruction No. 10, which reads as follows:

"If you find from a fair preponderance of the evidence that said Charles Sofnas falsely and fraudulently answered certain questions in his application for the policy sued on to induce the defendant to issue such policy, that the defenddant, without knowledge of the truth or falsity of such answers, and relying thereon, issued the policy sued on, that said Charles Sofnas died in January, 1931, that subsequent to his death the defendant first learned that said answers were false and untrue, that within a reasonable time thereafter it declared said policy void for the reason that said Charles Sofnas failed to disclose that he had undergone medical treatments and that he was not in sound health, and that defendant tendered back to the plaintiff herein his unpaid promissory note for the first quarterly premium under said policy, that subsequent to his refusal to accept the return of such promissory note and subsequent to this action being filed the defendant filed such said note with the clerk of the Court for the use and benefit of plaintiff, and that defendant did not waive any of its rights to forfeit the policy in suit, I instruct you that the defendant has done all that it was required to do under the law prior to defending this action, and it became thereby entitled to interpose its defense as herein set out under its paragraphs of answer and to contest the payment of the policy herein on the ground that the same is void."

It will be noted that the court by this instruction informed the jury that a tender of the appellant's note back to the appellant followed by its tender into court was all that the appellee was required to do under the law as a condition precedent to declaring the contract rescinded. No mention is made in this instruction of the duty to tender back the $13.45 paid on said note. It was clearly the duty of the appellee to return this money together with the unpaid note if they desired to rescind the contract of insurance. For failing to include this item, we believe the court was in error in giving the above instruction.

Our attention is also directed to the appellee's Instruction No. 16 tendered and given by the ■ court, which instruction reads as follows:

"If you find from a fair preponderance of all the evidence that at the time the defendant advised plaintiff that it would not pay to him the proceeds of the policy in suit they returned to plaintiff the promissory note given by him to defendant and if you further find that the plaintiff returned said note to the defendant and refusing the tender and return thereof he did not raise any question as to the sufficiency of said tender or did not refuse to accept said note for the reason that it did not constitute a full tender back of all that he had given the company in payment of the first quarterly premium, I instruct you that you are to decide under all the evidence introduced on that subject whether or not the plaintiff has waived his right to question the sufficiency of said tender. If you find from a preponderance of all the evidence that he has waived his right to question sufficiency of such tender I instruct you that you would be justified in finding that the defendant tendered back to the plaintiff everything that he had given defendant for said first quarterly premium."

This instruction calls attention to the fact that in refusing the tender of the note the appellant raised no question as to the failure of the appellee to also return the $13.45. The instruction informs the jury that they may consider such failure in determining whether or not the duty to tender the return of all things of value received by the appellee has been waived by the appellant. As heretofore stated in this opinion, there was no duty upon the appellant to state his reasons for refusing the tender made. The evidence discloses no conflict as to the way in which tender or the refusal thereof was made. Both the tender and refusal were embodied in letters which were offered in evidence. This being true, the jury was not required to decide whether or not the appellant had waived his right to question the sufficiency of the tender. The legal effect of the letter of refusal was a question of law for the court. *Flying Squadron Foundation et al. v. Crippen et al.* (1930), 201 Ind. 482, 169 N.E. 843. It was accordingly error to submit such a question to the jury. *Erie Crawford Oil Co. v. Meeks* (1907), 40 Ind. App. 156, 81 N.E. 518. This instruction, as given by the court, inferentially informs the jury that failure to question the sufficiency of the tender might constitute a waiver of the duty imposed upon the appellee. Since this instruction is subject to such interpretation, we believe the same to be erroneous.

In none of the instructions given by the court was the jury specifically informed of the duty on the part of the appellee to return the $13.45 to the appellant. Even though other instructions stated the law correctly as to the duty of the appellee to tender back everything of value received by the appellee, such were not sufficient to repair the error in the two instructions above quoted. *Toledo*

*etc. Ry. Co.* v. *Shuckman, Admr.* (1875), 50 Ind. 42. We cannot accordingly say that the errors in the instructions heretofore set out were harmless.

The other questions presented by the appellant in this appeal may not arise upon a second trial of this case and we accordingly refrain from discussing them. Judgment is reversed with instructions to the trial court to sustain the appellant's motion for new trial.

Judgment reversed.