MALONE v. KIRKLEY ET AL.

[No. 17,755. Filed December 7, 1948.]

*Paul Haywood,* of Bloomfield, attorney for appellant.

*F. A. Seal* and *Alvin Seal,* both of Washington, attorneys for appellees.

BOWEN, J.—This is an action brought by the appellees against the appellant for specific performance of a contract for the purchase of real estate. There was a finding and judgment of the court for the appellee, Robert Kirkley, and against the appellee, Ira Kirkley, and against the appellant. Judgment was rendered on the finding of the court providing that appellee, Robert Kirkley, should pay to the Clerk of the Court the sum of $415 on or before fifteen days from the date of the judgment, and that the appellant was ordered by the court to execute to the appellee, Robert Kirkley, as grantee, a good and sufficient warranty deed for the real estate described in the complaint. A commissioner was appointed to convey said real estate to the appellee, Robert Kirkley, on the failure of the appellant to comply with the judgment to execute a deed for said real estate to appellee.

The appellant filed a motion for a new trial which was overruled and this appeal followed.

The single error assigned for reversal is that the court erred in overruling appellant's motion for a new trial. Appellant's motion for a new trial was based on the ground that the decision and finding of the court is not sustained by sufficient evidence and is contrary to law.

In support of his motion for a new trial, the appellant contends that the appellees failed to comply with the terms of the contract for the sale of real estate in that they failed to make a proper tender of money due under said contract and failed to comply

with the provisions of the contract with reference to the payment of taxes.

The written contract between appellant and appellees, which was rather loosely drawn, provided that the appellees were to have possession of the property in question. In addition to the requirement for the payment of $15 per month rent, the agreement provided that the appellees were to make monthly payments on the purchase price of the property in so large an amount as they could make. The agreement recited that the purchase price of the property was $500, but upon the back side of the contract was a notation indicating that the purchase price was $1250. This conflict in the evidence was resolved in favor of appellee to the effect that the purchase price was $500, and we cannot, on this appeal, set aside such determination of the amount of the purchase price by the trial court. By the terms of the contract, the buyer agreed to keep the taxes and insurance paid up during the life of the agreement.

There was evidence in the record from which the court could have properly found that the appellee, Robert Kirkley, prior to the filing of his complaint, in the presence of one Frank Gentry, a Justice of the Peace, and one Floyd Hall, made a cash tender to the appellant in the amount of $370 which was the balance due on purchase payments under the agreement as found by the court, and a $45 cashier's check for the rent due under said contract.

The complaint of appellees alleged that they are still ready and willing to pay the purchase money and now bring the same into court for the use of the appellant. The appellee, Robert Kirkley, testified at the trial that he was "ready right now to pay the balance due for rent and the purchase price of the real estate."

In his briefs, the appellant asserts that the finding and judgment of the court should have been for the appellant, in that although the complaint alleges there was a payment of money due into court, the evidence does not show such payment. Appellant asserts the doctrine of strict legal tender that it was necessary for appellee, in order to keep his tender good, to pay such money into court for the use and benefit of appellant, and that bringing the money into court for a party's use is not sufficient.

There is a clear distinction between the doctrine of strict legal tender which requires that in order to keep a tender good, the money must be paid into court for the use and benefit of the party entitled to such tender, as set forth in the cases cited by appellant. *Phoenix Ins. Co.* v. *Overman* (1899), 21 Ind. App. 516, 52 N. E. 771; *State Life Ins. Co.* v. *Pletcher* (1922), 78 Ind. App. 128, 134 N. E. 876; *Sofnas* v. *John Hancock Mut. Life Ins. Co.* (1939), 107 Ind. App. 539, 21 N. E. 2d 425, and the rule relating to equitable tender which is required in an action for specific performance.

The appellee prior to the bringing of his suit made a valid cash tender of the balance due on the purchase price. He alleged in his complaint a readiness and willingness to pay the balance of such purchase money, and that he brought the same into court for the use of appellee. He testified at the trial that he was "ready right now" to pay the balance due for rent and the purchase price of the real estate. Such tender was clearly valid as an equitable tender, and it is sufficient under such circumstances if the money is paid into court when it is so ordered by the court. In the instant case, the court has ordered the payment of this sum into court within 15 days. In compliance with this order, the appellee would be en-

titled in law and equity to his deed. *Fall* v. *Hazelrigg* (1874), 45 Ind. 576; *Bowen* v. *Gerhold* (1903), 32 Ind. App. 614, 70 N. E. 546; 52 Am. Jur., Tender, § 32, p. 237.

The appellant further urges that appellee is not entitled to specific performance of his contract on the ground that he has not complied with the terms of such contract as to the payment of taxes. The appellant testified that he paid the taxes after the time had expired to pay taxes, but the tax receipts were not in evidence, nor was there any indication in the record of the amount of taxes paid by appellant. The appellee testified that he had gone to pay the taxes at the County Treasurer's office in Daviess County and had the money with him to pay the taxes, but discovered that they were already paid.

The appellant vendor at the time of the tender of the balance due him on the contract made the statement that he would not sign the deed, that the property was worth $1,250 and that he could get that for it, and he stated he figured the buyer owed him $1,100 at the time this tender was made. The court found that the total purchase price was $500, on the basis of the specific statement of such sum as the purchase price on the face of the contract.

If a vendor objects to a tender at the time it is made on a specific ground, he waives possible objections to it on other grounds. *Cape Fear Lumber Co.* v. *Small* (1910), 84 S. C. 434, 66 S. E. 880; *Kastens* v. *Ruland* (1923), 94 N. J. Eq. 451, 120 Atl. 21; *Jaeger* v. *Shea* (1917), 130 Md. 1, 99 Atl. 954; *Boston, etc., Ry. Co.* v. *Rose* (1907), 194 Mass. 142, 80 N. E. 498; *Rankin* v. *Rankin* (1905), 216 Ill. 132, 74 N. E. 763; *Monson* v. *Bragdon* (1895), 159 Ill. 61, 42 N. E. 383.

In the case at bar the objections which were made to the tender, as shown from the testimony at the time it was made and the objections made by the appellant at the time of the trial, show that he refused to accept this tender because of an alleged discrepancy which he claimed to be the balance due for principal on the contract. Therefore, by reason of the fact that the appellant stated his specific objections to the tender and such objections did not include any claim for alleged unpaid taxes, he waived his objections to such tender on such grounds. The lower court therefore properly found for the appellee on this issue of the case.

The decision and finding of the court was sustained by sufficient evidence, and was not contrary to law. We find no reversible error, and the judgment is, therefore, affirmed.

NOTE.—Reported in 82 N. E. 2d 530.