Merrick Scott RAYLE, Appellant–
Plaintiff,

v.

Irene Temple BOLIN, Individually and
as the Personal Representative of the
Estate of Barbara Merrick Hawkins,
Deceased, et al., Appellees–Defen-
dants.

No. 79A05–0111–CV–492.

Court of Appeals of Indiana.

June 7, 2002.

Jerome L. Withered, Withered & Corri-
gan, LLP, Lafayette, IN, Attorney for Ap-
pellant.

Thomas J. Herr, Truitt & Herr, Lafay-
ette, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Merrick Scott Rayle appeals the trial
court's decision granting Irene Temple Bo-
lin's motion for summary judgment on his
verified will contest. The parties raise two
issues for review, one of which we find
dispositive: whether the trial court's deci-
sion was a final, appealable order.

We dismiss the appeal and remand the
case to the trial court.

### FACTS AND PROCEDURAL
HISTORY[1]

On September 9, 2000, Barbara Merrick
Hawkins died. A few days later, her
nephew and only heir at law, Rayle, filed
objections to the probate of her 1991 will.
Two weeks later, Bolin, the personal rep-
resentative of Hawkins's estate under the
will, filed a petition to probate the will.
On January 18, 2001, Margot Rayle Gobel
and Colleen R. Neal also filed a verified
counter- and cross-complaint contesting
the probate of Hawkins's 1991 will.

1. We hereby deny Bolin's request for oral argument.

Bolin filed a motion to dismiss Rayle's will contest, alleging that he lacked standing to bring such a challenge. The trial court treated Bolin's motion as one for summary judgment and granted it. Rayle now appeals.

### DISCUSSION AND DECISION

■ Bolin argues that the trial court's order dismissing Rayle's will contest is not a final, appealable order, and accordingly, this court lacks jurisdiction to hear this appeal and should dismiss it. Ind. Trial Rule 54(B) provides:

"(B) Judgment upon multiple claims or involving multiple parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[2] A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the

judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."

Bolin contends that the trial court's judgment was not appealable because it did not dispose of all issues or parties because others are also contesting the probate of Hawkins's will, and it did not contain an express determination that there is no just reason for delay or an express direction for the entry of judgment.

In *Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind.1998), *cert. denied by Zrnchik v. Amoco Oil Co.*, 525 U.S. 1049, 119 S.Ct. 608, 142 L.Ed.2d 548 (1998), our supreme court discussed T.R. 54(B). It explained the T.R. 54(B) requirements that the trial court, in writing, expressly determine that there is no just reason for delay and, in writing, expressly direct entry of judgment. It noted that T.R. 54(B) was based on the federal rule and was intended to "provide greater certainty to litigating parties and to strike an appropriate balance between the interests in allowing for speedy review of certain judgments and in avoiding the inefficiencies of piecemeal appeals." *Id.* The rule was a reaction to and intended to supplant the prior common law approach of basing appealability on whether a claim constituted a "distinct and different branch of litigation." *Id.* The supreme court noted that its insistence that the trial court's judgment include the express determination and order for entry of judgment was formalistic, but added that adhering to such a bright line rule "removes uncertainties about when a party should appeal" and places the discretion of deciding when the facts indicate that a judgment should be deemed final in the hands of the trial judge, who is best able to make such decisions. *Id. See also First Equity Sec. Life Ins. Co. v. Keith,* 164

**2.** Federal Rule of Civil Procedure 54(b) is identical to this point and concludes here.

Ind.App. 412, 416, 329 N.E.2d 45, 47–48 (1975) (holding that T.R. 54(B) mandates that judgment as to less than all issues is interlocutory judgment, and does not become final and appealable until trial court makes specified determination and direction, but electing to address merits of case under discretionary authority); *Geyer v. City of Logansport*, 317 N.E.2d 893, 896 (1974) (holding that T.R. 54(B) requires express determination and direction to certify order disposing of less than all claims or parties as final appealable order).

T.R. 54(B) has been interpreted consonant with federal practice. *Legg v. O'Connor*, 557 N.E.2d 675, 676 (Ind.Ct.App. 1990). Commentators explaining F.R.C.P. 54(b) have explained the necessity of the required language:

> "The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action eliminates any doubt whether an immediate appeal may be sought. Conversely, it makes clear when an appeal must be sought or the right to appeal will be lost, since the time for appeal begins to run from the entry of an order that meets the requirements of the rule. If the court does not enter a Rule 54(b) order, the litigant knows that waiting until the disposition of the entire case before seeking an appeal will not lose the right to have the order reviewed."

10 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2654, at 37–38 (3d ed.1998).

While Rayle argues that the certification requirement should be relaxed here, such a response is inappropriate even when neither party is harmed by proceeding:

> "[I]t must be remembered that Rule 54(b) certification was intended to pro-vide certainty so that parties would not inadvertently lose a right to appeal. The relaxation of the rule has the potential of creating confusion and undercutting some of the clarity achieved by having an absolute requirement to allowing appeals in multiclaim cases that are adjudicated in piecemeal fashion. Thus, the preferable course is to require formal certification."

*Id.* at § 2660, at 152.

We agree with such commentators and earlier cases that have recognized the problem with abandoning the formalistic requirements of certification of Rule 54(B). Therefore, we decline Rayle's invitation to disregard the Rule's requirements here.

■ Absent a certification by the trial court, a partial judgment pursuant to T.R. 54(B) is an interlocutory order and is not appealable unless it falls within the parameters for certification of an interlocutory appeal. *Creech v. Southeastern Indiana R.E.M.C., Inc.*, 469 N.E.2d 1237, 1240 (Ind.Ct.App.1984), *trans. denied* (1985). This requirement also applies to T.R. 56(C) and partial summary judgments. *Id.* Ind. Appellate Rule 14(B) allows litigants to appeal from interlocutory orders if the order is certified by the trial court. However, the record before us discloses no such certification of the trial court's order under this rule. Accordingly, this court does not have jurisdiction pursuant to either rule.

We therefore dismiss this appeal and direct Rayle to seek an amended order that includes a certification under T.R. 54(B) or as an interlocutory appeal if he wishes to appeal this judgment prior to the entry of a final judgment which decides all claims fully. Because such certification is a matter left to the discretion of the trial court, we express no opinion as to whether

the trial court should apply T.R. 54(B) on these facts.

Dismissed and remanded.

MATHIAS, J., and BARNES, J., concur.