**Phillip FORMAN, Plaintiff,**

v.

**Wayne PENN, Lisa Orr, Bradley Orr and Christopher Green, Defendants.**

**Western Reserve Mutual Casualty Company, Appellee–Third Party Plaintiff,**

v.

**Phillip Forman, Wayne Penn, Lisa Orr and Bradley Orr, Appellants–Third Party Defendants.**

No. 33A01–1007–CT–343.

Court of Appeals of Indiana.

Dec. 8, 2010.

---

288

Daniel J. Harrigan, Kokomo, IN, Attorney for Appellants.

Alan A. Bouwkamp, Indianapolis, IN, Attorney for Appellee.

## OPINION

BOEHM, Senior Judge.

This is an appeal from the grant of summary judgment to Western Reserve Mutual Casualty Company, finding that it had no duty to supply a defense to claims asserted against its insured and others. Several issues in this case remain unresolved by the trial court, and this appeal is neither certified for interlocutory appeal by the trial court nor authorized as an appeal from a final judgment pursuant to Trial Rule 54(B). For the reasons explained below, this appeal is dismissed.

The following facts most favorable to the nonmoving party are taken as true for purposes of this appeal. Phillip Forman, then age 17, and Christopher Green, 18, spent the night of May 31, 2007, at the home of Bradley Orr, 17. Bradley had lived in the home with his mother, Lisa Orr, and Wayne Penn, the owner of the home, for approximately fifteen years. The three boys were playing video games when Penn and Lisa retired for the night. The next morning, after Penn and Lisa had left for some errands before the boys were awake, Bradley called them to report that Forman could not be wakened. Ulti-

mately Forman was hospitalized and contends that he has permanent injuries from ingestion of methadone that had been prescribed for Lisa and was supplied by Bradley. Bradley denies that he furnished the methadone to Forman and asserts that Forman took Lisa's methadone without his knowledge or participation.

Forman sued Bradley, Green, Penn and Lisa, alleging negligent supervision and control over Lisa's methadone and negligence in caring for him after it was discovered that he could not be wakened. Penn gave notice of Forman's claim to Western Reserve, which had issued a homeowners' liability policy to Penn, the sole owner of the home where Penn, Lisa and Bradley resided. Penn sought a defense and indemnity as the sole named insured under the policy, and Bradley asserted he was also an insured under the definition in the policy that extended that status to anyone who was a "resident of [Penn's] household" and an "other person under the age of 21 and in the care of [Penn]." Appellants' App. p. 93.

Western Reserve responded by intervening in the underlying suit by Forman, seeking a declaratory judgment that it had no duty to provide a defense to Forman's complaint. Western Reserve moved for summary judgment, arguing as to both Penn and Bradley that Forman's claim was excluded from the liability coverage under its policy by an explicit exclusion for claims "arising out of the use, sale, manufacture, delivery, transfer or possession by any person of [a Schedule II Controlled Substance]." Appellants' App. p. 115. Western Reserve also sought summary judgment as to Bradley on the ground that Bradley was not "in the care of" Penn, who had never married Lisa and had not adopted Bradley or been appointed as Bradley's guardian. The trial court agreed with Western Reserve on the exclusion issue and entered summary judgment for Western Reserve declaring that there was no coverage for either Penn or Bradley, and therefore no duty to defend.

Penn and Bradley filed a Motion To Correct Error, treating the trial court's ruling as a final judgment, and Western Reserve responded, also citing Trial Rule 59 authority. After forty-five days without a ruling on that motion, Penn and Bradley appealed the grant of the summary judgment to Western Reserve, treating the passage of time as a denial of their motion pursuant to Trial Rule 53.3.

■ As a threshold matter, the parties do not address the question of whether the trial court's ruling on Western Reserve's summary judgment motion is an appealable order. Of course it would be appealable as a final judgment if Western Reserve had filed a separate suit for declaratory judgment as is sometimes done by insurers who deny coverage. *See Sans v. Monticello Insurance Co.,* 718 N.E.2d 814, 818 (Ind.Ct.App.1999), *trans. denied; Indiana Farmers Mutual Insurance Co. v. Ellison,* 679 N.E.2d 1378, 1380 (Ind.Ct. App.1997), *trans. denied.* In that case the summary judgment order entered here would dispose of all issues in a separate lawsuit in which the only issue was coverage under the policy. Here, however, Western Reserve successfully intervened as a third party plaintiff in the underlying case and this appeal is by two of the four defendants in the original complaint while the claims asserted in the underlying case remain unresolved by the trial court. This appeal is not from an order appealable as of right pursuant to Appellate Rule 14(A) and there was no request that the trial court certify its ruling for discretionary interlocutory appeal pursuant to Appellate Rule 14(B). Trial Rule 54(B) permits appeals from orders disposing of less than all claims in a lawsuit "only upon

an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The rule by its terms applies to all claims "whether as a claim, counterclaim, cross-claim or third-party claim." The trial court's rulings presented to this Court do not include the "no just reason for delay" language required by Trial Rule 54(B) to make a ruling that adjudicates less than all claims in a lawsuit appealable as of right as a final judgment.

We recognize that the questions of Western Reserve's obligation to provide a defense and its potential exposure to liability present issues that are at least in part distinct from the issues presented in the underlying lawsuit. In this respect the coverage dispute may be viewed as separate from Forman's claims against the defendants. On the other hand, it would seem that some of Western Reserve's arguments supporting the application of the exemption to these facts presuppose Forman's version of the disputed circumstances under which he obtained the methadone. In any event, in *Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind.1998), the Indiana Supreme Court established a "bright line" rule enforcing the requirement of compliance with Trial Rule 54(B) before an appeal may be taken as of right from a trial court ruling that does not dispose of all claims. The Supreme Court specifically rejected the "separate branch" doctrine developed in some cases in this Court that permitted appeals of orders disposing of portions of lawsuits deemed sufficiently independent of the remaining issues to warrant a direct appeal. *Id.* We are bound by that precedent.

■ To be sure, the interests of justice may well suggest that the trial court in this case should provide the necessary "magic language" required by Trial Rule 54(B). Without a ruling that a defense must be supplied and some clarity as to what, if any, of the plaintiff's claims would be insured, both the plaintiff's prospects of recovery and the defendants' ability to present a case may be severely jeopardized. And refusal to permit an appeal of a denial of coverage gives the insurer an incentive to intervene in the underlying suit in hopes of getting an unreviewable trial court ruling that may terminate the proceeding as a practical matter. But Trial Rule 54(B) leaves that decision in the hands of the trial court in the interest of certainty as to whether an appeal lies or not. The parties should not be left to guess whether an order is appealable. Inclusion of the language required by Trial Rule 54(B) not only confers the right to appeal, it starts the clock running on the time within which an appeal must be taken. Uncertainty encourages attempts to appeal a ruling as to a potentially "separate branch" to avoid the risk of forfeiting the right to appeal if it is found, after the time to appeal has run, that an order was indeed subject to a direct appeal. *Cf. Rayle v. Bolin*, 769 N.E.2d 636 (Ind.Ct. App.2002).

This appeal is dismissed. As in *Rayle*, the parties are free to seek an amendment of the trial court's order if they wish to pursue an appeal at this stage of the proceedings.

BAKER, C.J., and BARNES, J., concur.