**Phillip FORMAN, Plaintiff,**

v.

**Wayne PENN, Lisa Orr, Bradley Orr, and Christopher Green, Defendants.**

**Phillip Forman, Wayne Penn, Lisa Orr, and Bradley Orr, Appellants/Third–Party Defendants,**

v.

**Western Reserve Mutual Casualty Co., Appellee/Third–Party Plaintiff.**

No. 33A01–1007–CT–343.

Court of Appeals of Indiana.

March 14, 2011.

Transfer Denied July 19, 2011.

Daniel J. Harrigan, Bayliff, Harrigan, Cord, Maugans & Cox, P.C., Kokomo, IN, Attorney for Appellants Penn and Orr.

Alan A. Bouwkamp, Newton Becker Bouwkamp Pendoski, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION ON REHEARING

BAKER, Judge.

Appellants-third-party-defendants Wayne Penn, Lisa Orr, and Bradley Orr (collectively, the Appellants) argue on rehearing that the trial court erroneously granted summary judgment in favor of appellee-third-party-plaintiff Western Reserve Mutual Casualty Company (Western Reserve). Specifically, the Appellants con-

tend that the trial court erred by concluding as a matter of law that Western Reserve does not have a duty to defend them from the lawsuit filed against them by Phillip Forman. Finding no error, we affirm.

## FACTS

The facts, as described in our original opinion, are as follows:

The following facts most favorable to the nonmoving party are taken as true for purposes of this appeal. Phillip Forman, then age 17, and Christopher Green, 18, spent the night of May 31, 2007, at the home of Bradley Orr, 17. Bradley had lived in the home with his mother, Lisa Orr, and Wayne Penn, the owner of the home, for approximately fifteen years. The three boys were playing video games when Penn and Lisa retired for the night. The next morning, after Penn and Lisa had left for some errands before the boys were awake, Bradley called them to report that Forman could not be wakened. Ultimately Forman was hospitalized and contends that he has permanent injuries from ingestion of methadone that had been prescribed for Lisa and was supplied by Bradley. Bradley denies that he furnished the methadone to Forman and asserts that Forman took Lisa's methadone without his knowledge or participation.

Forman sued Bradley, Green, Penn and Lisa, alleging negligent supervision and control over Lisa's methadone and negligence in caring for him after it was discovered that he could not be wakened. Penn gave notice of Forman's claim to Western Reserve, which had issued a homeowners' liability policy to Penn, the sole owner of the home where Penn, Lisa and Bradley resided. Penn sought a defense and indemnity as the sole named insured under the policy, and Bradley asserted he was also an insured under the definition in the policy that extended that status to anyone who was a "resident of [Penn's] household" and an "other person under the age of 21 and in the care of [Penn]." Appellants' App. p. 93.

Western Reserve responded by intervening in the underlying suit by Forman, seeking a declaratory judgment that it had no duty to provide a defense to Forman's complaint. Western Reserve moved for summary judgment, arguing as to both Penn and Bradley that Forman's claim was excluded from the liability coverage under its policy by an explicit exclusion for claims "arising out of the use, sale, manufacture, delivery, transfer or possession by any person of [a Schedule II Controlled Substance]." Appellants' App. p. 115. Western Reserve also sought summary judgment as to Bradley on the ground that Bradley was not "in the care of" Penn, who had never married Lisa and had not adopted Bradley or been appointed as Bradley's guardian. The trial court agreed with Western Reserve on the exclusion issue and entered summary judgment for Western Reserve declaring that there was no coverage for either Penn or Bradley, and therefore no duty to defend.

Penn and Bradley filed a Motion To Correct Error, treating the trial court's ruling as a final judgment, and Western Reserve responded, also citing Trial Rule 59 authority. After forty-five days without a ruling on that motion, Penn and Bradley appealed the grant of the summary judgment to Western Reserve, treating the passage of time as a denial of their motion pursuant to Trial Rule 53.3.

*Forman v. Penn,* 938 N.E.2d 287, 288–89 (Ind.Ct.App.2010). In our original opinion, we found that the summary judgment order was not final or appealable because claims remained pending and there was no request for the trial court to certify its ruling for discretionary interlocutory appeal pursuant to Appellate Rule 14(B). We dismissed the appeal but noted that the parties were free to seek an amendment of the order if they wished to pursue an appeal at this stage.

Penn and Orr have now filed a petition for rehearing, indicating that they requested that the trial court certify its ruling for discretionary interlocutory appeal and that the trial court has done so. Appellants' App. Ex. 3. Consequently, we now grant their petition for rehearing, grant the request to hear this interlocutory appeal, and will proceed to consider the substance of the litigation.

### DISCUSSION AND DECISION

#### I. Standard of Review

■ The Appellants argue that the trial court erroneously entered summary judgment in Western Reserve's favor regarding its duty to defend. Summary judgment is appropriate only if the pleadings and evidence considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Owens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 909 (Ind.2001); *see also* Ind. Trial Rule 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning,* 754 N.E.2d at 909. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

■ The proper interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Morris v. Economy Fire & Cas. Co.,* 848 N.E.2d 663, 666 (Ind.2006). If the policy language is clear and unambiguous it should be given its plain and ordinary meaning. *Id.* An ambiguity does not exist simply because the parties disagree about the meaning of the policy language. *Linder v. Ticor Title Ins. Co. of Cal., Inc.,* 647 N.E.2d 37, 39 (Ind.Ct.App.1995).

#### II. Liability Exclusion

■ The trial court found that Western Reserve had no duty to defend the Appellants because the incident was excluded from liability coverage under the policy. Specifically, the policy provides that there is no personal liability coverage for bodily injury

[a]rising out of the use, sale, manufacture, delivery, transfer, or possession by any person of a Controlled Substance(s) as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812. Controlled Substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs. However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

Appellants' App. p. 205.

Here, it is undisputed that Lisa Orr had a valid prescription for methadone, which is a controlled substance included within the meaning of the above clause. It is also undisputed that Forman's use of the methadone was *not* a legitimate use pursuant to the orders of a licensed physician.

The policy language above clearly excludes liability coverage for bodily injury arising out of the use "by *any* person" of a

controlled substance. *Id.* (emphasis added). Inasmuch as Forman qualifies as "any person," the clause is triggered. The Appellants argue, however, that because Lisa's possession and use of the methadone was legitimate, the exclusion does not apply. But Forman's bodily injury arose out of *Forman's* use of the methadone, which was not a legitimate use of the drug pursuant to the orders of a licensed physician. *See Mass. Prop. Inc. Underwriting Ass'n v. Gallagher,* 75 Mass.App.Ct. 58, 911 N.E.2d 808, 811 (2009) (applying identical insurance policy provision to situation in which decedent took and consumed a fatal amount of homeowner's prescription drugs; holding that even though homeowner's use of drugs was legitimate, decedent's own illicit use of the drugs was excluded from coverage).

We sympathize with the Appellants' argument that they are entirely innocent of any connection between Forman and his decision to steal and consume Lisa's methadone. We acknowledge that the Appellants justifiably believe that Western Reserve should defend them under these circumstances. Unfortunately for the Appellants, the language of the policy is clear and unambiguous that Forman's injury, which arose out of his illicit use of a controlled substance, is excluded from liability coverage. Consequently, the trial court properly entered summary judgment in Western Reserve's favor on the issue of its duty to defend the Appellants.[1]

The judgment of the trial court is affirmed.

VAIDIK, J., and BARNES, J., concur.

---

1. Inasmuch as we affirm on this basis, we need not consider Western Reserve's argument that the trial court should have also granted summary judgment on the grounds that Bradley Orr was not an "insured" under the policy.