Michael **DODD** and Katherine Dodd,
Appellants–Plaintiffs,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
Appellee–Defendant.

No. 12A02–1010–CT–1414.

Court of Appeals of Indiana.

Nov. 3, 2011.

C. David Little, Power, Little & Little, Frankfort, IN, Attorney for Appellants.

Robert S. O'Dell, O'Dell & Associates, P.C, Carmel, IN, Attorney for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Michael and Katherine Dodd ("the Dodds") appeal the trial court's grant of summary judgment in favor of Defendant–Appellee American Family Mutual Insurance Company ("American Family"). We affirm in part, reverse in part, and remand for further proceedings.

### ISSUE

The Dodds raise one issue, which we restate as: whether the trial court erred by granting summary judgment to Ameri-

can Family.[1]

## FACTS AND PROCEDURAL HISTORY

In 1998, Michael and Katherine were not yet married, and they lived together in Katherine's house in Frankfort, Indiana. On March 24, 1998, Katherine's house was destroyed by fire. The house was insured. Katherine's insurer at the time reimbursed her for the loss but declined to renew the policy. Michael and Katherine intended to build a new home at the same location, and they met with an insurance agent to get new homeowner's insurance. On September 15, 1998, Michael, but not Katherine, executed an application for homeowner's insurance from American Family. On the application, Michael indicated that he had not "had any past/current losses at any locations." Appellants' App. p. 109. He further stated on the application that his "girlfriend/fiance," Katherine, would live in the house. *Id.* American Family issued a homeowner's policy to Michael on December 15, 1998.

Michael and Katherine built a new home. In 2000, they married. Michael regularly renewed the home insurance policy with American Family, and his name alone was on the policy. On September 19, 2003, the Dodds' garage and its contents were destroyed by fire. The Dodds submitted a claim to American Family. During an investigation, American Family learned of the 1998 fire that had destroyed the Dodds' previous residence. Subsequently, American Family denied the Dodds' claim for the loss of their garage and informed them that the policy would not be renewed.

On September 14, 2004, the Dodds sued American Family, alleging breach of contract and intentional infliction of emotional distress. American Family filed a motion for summary judgment, which the trial court denied. Next, American Family filed a second motion for summary judgment. The trial court held a hearing on American Family's second motion for summary judgment. Subsequently, the trial court granted the motion and entered final judgment in favor of American Family. In its Order Granting Summary Judgment, the trial court determined:

> The Court finds that [American Family] owes no insurance coverage and/or compensatory damages to the [Dodds] as a result of the fire loss [of the Dodds' garage] due to misrepresentations in the application; and finds that [American Family] owes no punitive or exemplary damages to [the Dodds]; and finds that [American Family] owes no damages to [the Dodds] on their claim for intentional infliction of emotional distress.

*Id.* at p. 65.

The Dodds filed a motion to correct error, which the trial court denied. Next, the Dodds filed a Notice of Appeal. After the Dodds filed their Notice, American Family filed an "Interpleader of Return of Premiums" and tendered to the trial court clerk a check for all insurance premiums collected from the Dodds. Appellee's App. p. 1351. The trial court instructed the clerk to maintain custody of the funds pending the outcome of this appeal.

## DISCUSSION AND DECISION

■ We review an appeal from the grant of summary judgment de novo. *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1243 (Ind.2010). Summary judgment is

---

1. The Dodds have also filed a Motion to Strike Documents from American Family's Appellee's Appendix. In its response to the Dodds' Motion, American Family requests an award of appellate attorney's fees. We address the Dodds' Motion and American Family's request for attorney's fees by separate order.

proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Cox v. Paul,* 828 N.E.2d 907, 911 (Ind. 2005). An appellate court may affirm summary judgment if it is proper on any basis shown in the record.[2] *Pfenning v. Lineman,* 947 N.E.2d 392, 408–09 (Ind. 2011).

■ We begin with the Dodds' claim for breach of contract. The Dodds concede that Michael made material misrepresentations in his application for homeowner's insurance with American Family.[3] Nevertheless, the parties dispute the impact of the material misrepresentations upon the validity of the insurance policy. The Dodds argue that Michael's misrepresentations merely rendered the insurance policy voidable at American Family's option, and they contend that American Family did not follow the appropriate steps to exercise its option to void the policy. Specifically, the Dodds argue, American Family did not return their policy premiums. In the ab-

sence of an effective election by American Family to void or rescind the policy, the Dodds contend, the insurance policy remained in effect, and there is a dispute of fact as to whether American Family breached the contract by failing to pay the Dodds for the loss of their garage and its contents.

■ In response, American Family argues that Michael's material misrepresentations rendered the policy void from the outset. As a result, American Family contends that it was not obligated to return the premiums in order to deny the Dodds' claim, and in any event, American Family eventually tendered the premiums to the trial court.[4]

For guidance in addressing the Dodds' claim, we turn to our Supreme Court's opinion in *Colonial Penn Ins. Co. v. Guzorek,* 690 N.E.2d 664, 666 (Ind.1997). In that case, Guzorek applied for an auto insurance policy. She did not list her husband as a licensed driver who lived in her household because his license was suspended. Furthermore, on a subsequent

---

**2.** American Family argues that the trial court's judgment should be affirmed because the Dodds failed to designate material facts or to submit evidence in opposition to American Family's second motion for summary judgment. In the Dodds' response to the second motion for summary judgment, they identified several disputes of fact that they believed rendered summary judgment inappropriate. In addition, the Dodds attached an affidavit by Michael Dodd to their response. Therefore, we reject American Family's argument.

**3.** In their summary judgment documents, the Dodds had argued to the trial court that Michael executed American Family's insurance application without Katherine at the urging of insurance agent Matt Murray, who "said he couldn't [obtain insurance for the Dodds] in [Katherine's] name, he would put it in Michael's." Appellants' App. p. 201. On appeal, the Dodds concede that they are respon-

sible for the material misrepresentations on the application even though Murray "told them to do it in order to get the insurance that they needed." Appellants' Br. p. 9.

**4.** American Family further argues that the Dodds' claim regarding failure to return premiums is waived because the Dodds first raised it in their motion to correct error. A party may not raise an issue for the first time in a motion to correct error. *Edwards v. Neace,* 898 N.E.2d 343, 348 (Ind.Ct.App. 2008). Here, in an affidavit in response to American Family's Second Motion for Summary Judgment, Michael Dodd stated that although American Family declined to pay the Dodds' claim, it continued to accept his premium payments for six months after the fire. Michael's affidavit sufficiently raised the issue of whether American Family acted equitably with regard to the premiums, and the claim is preserved for appellate review.

document that was submitted to the insurer, Guzorek failed to list her husband as a "customary operator" of her cars even though she knew that her husband drove without a license several times a week. *Id.* Subsequently, Guzorek's husband was involved in an auto accident, and Guzorek's insurer canceled the policy. The insurer also filed suit, arguing that the policy was void from the outset due to Guzorek's misrepresentations. On appeal, our Supreme Court determined, "[A] material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option." *Id.* at 672. Our Supreme Court further noted that Guzorek's misrepresentation resulted in the insurer issuing a policy without knowledge that Guzorek's husband even existed. The Court concluded, "Whether or not the policy was totally rescindable on these facts, we hold that Donald is not covered." *Id.* at 673.

In this case, as in *Guzorek,* the applicant for insurance failed to disclose material facts relevant to the insurance coverage. Specifically, Michael requested insurance in his name alone rather than in his and Katherine's names, and he failed to disclose the recent destruction by fire of Katherine's house, in which he resided. However, in *Guzorek,* our Supreme Court declined to address whether the policy was subject to partial or to complete rescission because it was possible for the insurer to rescind coverage as to Guzorek's husband but to otherwise retain coverage for Guzorek herself. In the current case, Michael's misrepresentations applied to his insurance coverage, and voiding coverage for Michael would result in voiding the entire policy. We conclude that American Family's policy was subject to full, rather than partial, rescission, and the policy was voidable at American Family's option rather than void at the outset.

American Family argues that the Dodds' material misrepresentations rendered the insurance policy void from the outset because there was no "meeting of the minds" as to all of the elements of the contract. Appellee's Br. p. 28. However, American Family also cites *Guzorek* and other cases that stand for the principle that material misrepresentations on an application for insurance render an insurance policy voidable rather than void at the outset. We are bound by our Supreme Court's precedent and decline to conclude that American Family's policy was void from the outset.

 American Family also contends that pursuant to specific clauses in the parties' insurance policy, the Dodds' misrepresentations rendered the policy void at the outset rather than voidable at either party's option. The proper interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Forman v. Penn,* 945 N.E.2d 717, 720 (Ind.Ct.App.2011), *trans. denied.* If the policy language is clear and unambiguous it should be given its plain and ordinary meaning. *Id.* An ambiguity does not exist simply because the parties disagree about the meaning of the policy language. *Id.* When a contract contains general and specific provisions relating to the same subject, the specific provision controls. *George S. May Int'l Co. v. King,* 629 N.E.2d 257, 261 (Ind.Ct.App.1994), *trans. denied.*

In this case, the first clause at issue provides:

> **You** warrant the statements in **your** application to be true and this policy is conditioned upon the truth of **your** statements. We may void this policy if the statements **you** have given us are false and we have relied on them.

Appellee's App. p. 46A (bold text in original). This clause is clear and unambiguous, and pursuant to the clause's plain language, the policy is voidable at American Family's option, rather than void from the outset. Therefore, the clause does not support American Family's argument.

American Family cites a second clause of the policy, which provides:

> With respect to all **insureds,** this entire policy is void if, before or after a loss, any **insured** has:
>
> a. intentionally concealed or misrepresented any material fact or circumstance;
>
> b. engaged in fraudulent conduct; or
>
> c. made false statements;
>
> relating to this insurance.

*Id.* at 52A (bold text in original). The second clause does not explicitly address misrepresentations in an application for insurance. To the extent that the second clause applies to such misrepresentations, it is subordinate to the first clause discussed above, which more specifically discusses the impact of applicants' misrepresentations and provides that misrepresentations on an application render the policy voidable. Thus, pursuant to the language of the policy as well as our precedent, the policy in this case was voidable, rather than void at the outset, due to the Dodds' misrepresentations.

■ We now turn to the Dodds' claim that American Family failed to effectively exercise its option to void the policy because American Family did not return the Dodds' premiums until after the entry of final judgment. When an insurance company seeks to rescind a policy on the grounds of a material misrepresentation in an application, generally it must first make a tender of the full amount of the premiums paid under the policy. *Am. Standard Ins. Co. v. Durham,* 403 N.E.2d 879, 881 (Ind.Ct.App.1980). The purpose of the tender of premiums is to restore the parties to the position they were in prior to the contract by returning the consideration the insurance company has received. *Id.* To be sufficient, the tender of premium must first be offered to the party entitled to receive it and, if refused, the money must be paid into court for the party's use and benefit. *Sofnas v. John Hancock Mut. Life Ins. Co.,* 107 Ind.App. 539, 21 N.E.2d 425, 426 (1939). The insurer "must return the premium within a reasonable time or it must use all reasonable efforts to make such return." *Prentiss v. Mut. Benefit Health & Accident Ass'n,* 109 F.2d 1, 6 (7th Cir.1940) (applying Indiana law). Failure to return a premium invalidates an insurer's attempt to rescind an insurance policy. *See Prudential Ins. Co. of Am. v. Smith,* 231 Ind. 403, 108 N.E.2d 61, 66 (1952) (determining that after an insured refused tender of the premium, the insurer should have tendered the premium to the court); *see also Caledonian Ins. Co. v. Ind. Reduction Co.,* 64 Ind.App. 566, 115 N.E. 596, 596 (1917) (stating that an insurer's failure to return a premium until after filing suit should be "deemed a waiver on its part to declare the policy void").[5]

■ In this case, the Dodds' garage and all of its contents were destroyed by fire on September 19, 2003. The Dodds submitted a claim to American Family. On a date not specified in the record,

---

**5.** Other jurisdictions have reached a similar conclusion. *See Dairyland Ins. Co. v. Kammerer,* 213 Neb. 108, 327 N.W.2d 618, 621 (1982) (determining that the insurer "waived its right" to rescind the policy when it kept a portion of the premium); *Gossett v. Farmers Ins. Co. of Wash.,* 133 Wash.2d 954, 948 P.2d 1264, 1274 (1997) ("Tender back of premiums paid is a condition precedent to maintaining an action to rescind an insurance policy on the ground of fraud or misrepresentation").

American Family denied the Dodds' claim. Subsequently, the Dodds' insurance policy "was not renewed at its next policy term." Appellee's Br. p. 20. On September 14, 2004, the Dodds filed their civil complaint against American Family. American Family tendered the policy premium to the trial court clerk on January 27, 2011, after final judgment had been entered and at least six years after refusing to pay the Dodds' claim. The record does not definitively reveal whether American Family offered to return the premium directly to the Dodds. Under these circumstances, we conclude that there are disputes of material fact as to whether: (1) American Family effectively rescinded the policy after discovering the Dodds' material misrepresentations; and (2) if American Family failed to properly rescind the policy, whether American Family breached the policy by denying the Dodds' claim. These matters must be addressed by the trier of fact, and we reverse this portion of the trial court's judgment.

 Next, we turn to the trial court's grant of summary judgment to American Family on the Dodds' claims for punitive damages and intentional infliction of emotional distress. The Dodds contend that American Family's failure to properly void the policy and failure to pay their claim establishes disputes of material fact as to whether they are entitled to punitive damages and as to whether American Family committed intentional infliction of emotional distress. It is not necessary for the Court to address these claims because the Dodds abandoned them during trial court proceedings.

 An attorney can make an admission to a trial court that is binding upon his or her client. *Hockett v. Breunig,* 526 N.E.2d 995, 998 (Ind.Ct.App.1988). A statement that contains ambiguities or doubt is not to be regarded as a binding admission. *See Maldonado v. Gill,* 502 N.E.2d 1371, 1372 (Ind.Ct.App.1987), *trans. denied.*

In *Hockett,* a convicted murderer sued his former criminal defense attorneys, alleging malpractice. Hockett had also filed a petition for post-conviction relief. In the malpractice case, the attorneys filed a motion for summary judgment while the petition for post-conviction relief was pending. At a hearing on the attorneys' motion for summary judgment, Hockett's new counsel stated that the decision in the post-conviction matter would "probably" bind the trial court in the malpractice action. 526 N.E.2d at 998. Subsequently, Hockett lost in his post-conviction action, and the trial court in the malpractice action entered summary judgment in favor of the attorneys. On appeal in the malpractice action, this Court concluded that Hockett's counsel's concession during argument on the motion for summary judgment was a binding admission. *See id.* Consequently, Hockett's loss in the post-conviction proceeding barred his legal malpractice action.

In this case, towards the end of the hearing on American Family's second motion for summary judgment, the following discussion occurred:

[American Family]: So we believe that there's no evidence of any claims that could bar our summary judgment and we should be entitled to summary judgment on all on [sic] breach of contract claim, punitive damages and emotional distress.

[Trial Court]: I'll give you I'll give you [sic] the last word [Dodds' counsel,] if you want the last word. If you want anything further.

[The Dodds]: Your Honor we us I I[sic] would probably concur with punitive damages and [the] emotional distress

argument. There's—we don't have enough there. But I would disagree still disagree that we have misrepresentation intentional misrepresentation.

Tr. p. 95. Thus, the Dodds admitted to the trial court that their claims for punitive damages and intentional infliction of emotional distress could not survive American Family's second motion for summary judgment. Having made that admission to the trial court, the Dodds, like the plaintiff in *Hockett,* are bound by their admission and cannot proceed with those claims on appeal. The trial court did not err by granting American Family's motion for summary judgment on the Dodds' claims for punitive damages and intentional infliction of emotional distress. The Dodds' claim for breach of contract remains to be addressed on remand.

### CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court in part, reverse the judgment of the trial court in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BRADFORD, J., and BROWN, J., concur.