Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 15 2012, 8:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GARY P. PRICE**
**TABITHA J. LUCAS**
**MANUEL HERCEG**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**B.J. BRINKERHOFF**
Kopka Pinkus Dolin & Eads, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SALLY APPLEGATE-RODEMAN and )
LESLIE M. RODEMAN, )
    )
    Appellants – Plaintiffs, )
    )
    vs. )    No. 49A02-1110-PL-950
    )
JDK, LLC d/b/a LIVRITE FITNESS CENTER, )
d/b/a NORTHEAST FITNESS, )
THRESTRANDS BY GRACE, LLC d/b/a )
LIVRITE FITNESS CENTER, d/b/a )
NORTHEAST FITNESS )
    )
    Appellees – Defendants. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers. Judge
Cause No. 49D04-1001-PL-2739

**October 15, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Sally Applegate-Rodeman ("Applegate-Rodeman") and her husband Leslie Rodeman (collectively the "Rodemans") sued JDK, LLC, a corporation that does business as Livrite Fitness Center ("Livrite"), after Applegate-Rodeman was injured when she stepped on to a moving treadmill at Livrite. Applegate-Rodeman alleged negligence on the part of Livrite and sought damages for the injuries she suffered. The trial court granted summary judgment in favor of Livrite and subsequently granted the Rodemans' motion for leave to amend to add a defendant, Threestrands by Grace, LLC ("Threestrands by Grace"), who does business as Livrite Fitness Center and Northeast Fitness. Concluding that the Rodemans' appeal is premature, we dismiss this appeal.

### Facts and Procedural History

On February 2, 2008, Applegate-Rodeman joined Northeast Fitness, subsequently renamed Livrite Fitness Center, and she signed the "Northeast Fitness Membership Agreement ("Membership Agreement"). Clause Two of the Membership Agreement provided that the membership was for twelve months, would expire on February 1, 2009, and would renew automatically on a month-to-month basis at the expiration of the initial term unless terminated or cancelled by either party as provided under the Membership Agreement. Next to Clause Two was a blank for initials, which Applegate-Rodeman did not initial. Clause Eight of the Membership Agreement contained a release of liability provision.

In January 2009, Applegate-Rodeman's health benefits provider, American Healthways Services, Inc. ("Healthways"), executed a separate agreement ("Healthways Agreement") with Livrite to provide services for its members. Applegate-Rodeman had

2

never expressly renewed or cancelled her original Membership Agreement but enrolled in the Healthways program, and Healthways paid Livrite directly for Applegate-Rodeman to use the facility.

In September 2009, Applegate-Rodeman was injured when she stepped on a moving treadmill at the Livrite Fitness Center. The Rodemans filed a complaint in January 2010 alleging that Livrite's conduct, in allowing the treadmill to continue running between users and in failing to inspect the premises, was negligent.

On October 29, 2012, the Rodemans filed a motion for partial summary judgment. Subsequently, Livrite and the Rodemans each filed motions to strike portions of the designated evidence. A hearing was held on these matters on August 31, 2011. On September 13 and 14, 2011, the Rodemans filed a motion for leave to amend complaint to add a new defendant. On September 26, 2011, the trial court granted summary judgment to Livrite, denied the Rodemans' motion for partial summary judgment, and denied both parties' motions to strike. Thereafter, on October 3, 2011, the trial court granted the Rodemans leave to amend complaint, and on October 5, 2011, the Rodemans filed an amended complaint to add defendant Threestrands by Grace, which is an entity that also runs Livrite Fitness. Appellant's Br. at 1. The Rodemans now appeal.

**Discussion and Decision**

The Rodemans argue that the trial court erred in granting summary judgment. Livrite argues that the summary judgment motion should be affirmed but also notes that "[t]he Order did not indicate that the disposition was a final judgment, nor did the Order state that there was no just reason for delay such that the Rodemans had a right to an

3

immediate appeal." Appellee's Br. at 1. Before proceeding to the merits of the case, however, we must consider as a threshold matter whether we have jurisdiction.

The parties cannot waive lack of jurisdiction, and "the appellate court may consider the issue sua sponte." Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003) (citing Albright v. Pyle, 637 N.E.2d 1360, 1363 (Ind. Ct. App. 1994)). We have jurisdiction over "all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts, notwithstanding any law, statute or rule providing for appeal directly to the Supreme Court of Indiana." Ind. R. App. 5(A). A final judgment "leaves nothing for future determination;" it disposes "of all issues as to all parties thereby ending the particular case." Georgos, 790 N.E.2d at 451 (citations omitted).

We also may accept jurisdiction over an appeal of a trial court's order or judgment regarding less than all issues, claims, or parties if the trial court has made the judgment final pursuant to the requirements of Indiana Trial Rule 54(B). Martin v. Amoco Oil Co., 696 N.E.2d 383, 385 (Ind. 1998); see also Allstate Ins. Co. v. Fields, 842 N.E.2d 804, 806 (Ind. 2006). "According to [Trial Rule 54(B)], a judgment as to less than all of the parties is final only when the court in writing expressly determines that there is no just reason for delay and expressly directs entry of judgment." Berry v. Huffman, 643 N.E.2d 327, 329 (Ind. 1994); see also Forman v. Penn, 938 N.E.2d 287, 289-90 (Ind. Ct. App. 2010) on reh'g, 945 N.E.2d 717 (Ind. Ct. App. 2011) trans. denied, 962 N.E.2d 639 (Ind. 2011). Under Indiana Trial Rules 54(B) and 56(C), "[a] summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties" is interlocutory and not immediately appealable "unless the court in writing expressly

determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties." Ind. R. Trial P. 56(C); see also Cincinnati Ins. Co. v. Davis, 860 N.E.2d 915, 921 (Ind. Ct. App. 2007).

Our supreme court has "established a 'bright line' rule enforcing the requirement of compliance with Trial Rule 54(B) before an appeal may be taken as of right from a trial court ruling that does not dispose of all claims." Forman, 938 N.E.2d at 290 (citing Martin v. Amoco Oil Co., 696 N.E.2d 383, 385 (Ind. 1998)). "There was a time when an order or judgment as to less than all of the issues, claims, or parties in an action became final and appealable as of right because it disposed of 'a distinct and definite branch' of the litigation," but in Berry, our supreme court held that "Indiana Trial Rules 54(B) and 56(C) superseded the distinct and definite branch doctrine of finality and that such appeals may now proceed only by leave of court." 643 N.E.2d at 327-28. We "will not consider cases piecemeal." Breuninger v. Weck, 98 Ind. App. 347, 347, 189 N.E. 395, 395 (1934).

The Rodemans argue that the trial court's summary judgment order is a final judgment. However, Livrite notes that the trial court's "Order did not indicate that the disposition was a final judgment, nor did the Order state that there was no just reason for delay such that the Rodemans had a right to an immediate appeal." Appellee's Br. at 1. While Livrite does not develop this argument in its brief, this is an issue we may and must consider *sua sponte.*

Here, the Rodemans' appeal was not an appeal of a final judgment on all issues as to all parties. Prior to the order granting summary judgment, the Rodemans had filed a

5

motion to amend to add Threestrands by Grace as a defendant, and the motion was granted subsequent to the granting of the motion for summary judgment. As such, the issues or claims in this case have not yet been resolved in regard to Threestrands by Grace.

The appeal could have been proper under Trial Rule 54(B), as to some issues or some parties, but it was not certified as such pursuant to Trial Rule 54(B). In its August 31, 2011 order, the trial court did not indicate that there was "no just reason for delay" and did not direct "entry of judgment." See Ind. R. Trial P. 54. In Berry, we noted that Indiana Trial Rules 54(B) and 56(C) were adopted "to provide greater certainty to the parties and to strike an appropriate balance between the interest in the speedy review of certain judgments and the inefficiencies of piecemeal appeals." 643 N.E.2d at 329 (Ind. 1994). For this court to exercise jurisdiction, the trial court must decide all issues with regard to all parties for the judgment to be final, or the trial court must make the judgment final as to less than all parties or issues by expressly determining in writing that "that there is no just reason for delay" and directing "entry of judgment." See Ind. R. Trial P. 54. The trial court did not do either in this case.

For all of these reasons, we dismiss this appeal as premature.

VAIDIK, J., and BARNES, J., concur.