ATTORNEY FOR APPELLANTS
C. David Little
Power, Little & Little
Frankfort, Indiana

ATTORNEY FOR APPELLEE
Robert S. O'Dell
O'Dell & Associates, P.C.
Carmel, Indiana

In the
Indiana Supreme Court

FILED
Mar 05 2013, 1:06 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 12S02-1203-CT-170

MICHAEL DODD AND KATHERINE DODD,                    *Appellants (Plaintiffs),*

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,           *Appellee (Defendant).*

Appeal from the Clinton Superior Court, No. 12D01-0409-CT-412
The Honorable Justin H. Hunter, Judge

On Transfer from the Indiana Court of Appeals, No. 12A02-1010-CT-1414

**March 5, 2013**

**Dickson, Chief Justice.**

After a fire at a home resulted in an insurance claim, the insurance company denied coverage on grounds that the insureds had failed to disclose prior fire losses on their insurance application. In the ensuing litigation, the trial court granted the insurance company's motion for summary judgment and the Court of Appeals affirmed the trial court in part, reversed in part, and remanded for further proceedings. Dodd v. Am. Family Ins. Co., 956 N.E.2d 769 (Ind. Ct. App. 2011). We granted transfer and now affirm the trial court's grant of summary judgment.

In 1998, Michael Dodd and Katherine Salmons were living together in Frankfort, Indiana, in a home owned by Katherine and insured by Farm Bureau Insurance ("Farm Bureau"). On March 24, 1998, that home was destroyed by a fire. Farm Bureau paid a settlement for the loss

in September 1998, but disputed certain aspects of the claim. Seeking to rebuild their home, in December 1998, Michael and Katherine completed an application for property insurance with American Family Mutual Insurance Company ("American Family"). The application indicated that Michael was the titleholder of the property and listed Katherine (then his "girlfriend/fiancé [sic]") as an unrelated person in the household. Appellants' App'x. at 109. The application also asked if the "[a]pplicant or any member of household . . . had any past / current losses at any locations?" *Id.* This question was answered in the negative. *Id.* Michael signed the application, and American Family issued the policy. Michael and Katherine were married in the summer of 2000. On September 19, 2003, their garage was destroyed in a fire and the Dodds filed a claim with American Family. During follow-up investigations to determine the cause and origin of the fire, Michael disclosed the 1998 fire to American Family. American Family, treating the prior fire loss nondisclosure as a misrepresentation, voided the insurance policy *ab initio* and denied the Dodds' claims for the 2003 garage fire losses.

The Dodds filed suit against American Family claiming breach of contract and intentional infliction of emotional distress. The trial court granted American Family's motion for summary judgment as to both claims, finding that American Family owed no insurance coverage or compensatory damages to the Dodds due to misrepresentations in the insurance application, and that American Family owed the Dodds neither punitive nor other damages on the Dodds' claim for intentional infliction of emotional distress. The Dodds brought this appeal, challenging the grant of summary judgment on grounds that American Family failed to return the premiums paid by the Dodds. Approximately five months after the entry of final judgment, and three-and-a-half months after the Dodds filed their notice of appeal, American Family filed a motion with the trial court to interplead all of the premiums it had collected from the Dodds, totaling $2,079.80. The trial court agreed to hold the funds until the conclusion of the Dodds' appeal.

The Court of Appeals affirmed the trial court in part, reversed in part, and remanded for further proceedings on the plaintiffs' breach of contract claim. Dodd, 956 N.E.2d at 770. We granted transfer, thereby vacating the opinion of the Court of Appeals, Ind. Appellate Rule 58(A), and we now affirm the trial court.

The Dodds' appellate briefs describe these proceedings as an appeal from summary judgment. Appellants' Br. at 8, 20; Appellants' Reply Br. at 4. Their challenge to the grant of summary judgment is predicated upon the contention that American Family was not entitled to void or rescind the policy because it had not first returned all paid premium amounts to the Dodds.

On summary judgment, we review an appeal through the same lens as that used by the trial court. Hardy v. Hardy, 963 N.E.2d 470, 473 (Ind. 2012). Summary judgment is proper only when the moving party demonstrates that there is no genuine issue of material fact with respect to a claim or its elements. Woodruff v. Ind. Family & Soc. Servs. Admin., 964 N.E.2d 784, 790 (Ind. 2012). Once this prima facie case is made, the non-moving party bears the burden of coming forward with designated evidence to demonstrate the existence of a genuine issue of material fact. *Id.* All evidence, and the reasonable inferences drawn from it, must be construed in favor of the non-moving party. *Id.* If the facts are undisputed, we reverse only if the law has been incorrectly applied to those facts; but in all cases we may affirm on any theory supported by the evidence in the record. *Id.*

It is correct that an insurer must first offer to return the premiums it has collected from the insured within a reasonable time after the discovery of the alleged breach. Grand Lodge of Bhd. of R.R. Trainmen v. Clark, 189 Ind. 373, 380, 127 N.E. 280, 282 (1920). Failure to offer such return of premiums, or if refused, to pay it into court, constitutes a waiver of the alleged fraud. *Id.* at 379; Prudential Ins. Co. v. Smith, 231 Ind. 403, 412–13, 108 N.E.2d 61, 65 (1952). However, in response to American Family's motion for summary judgment, the Dodds did not assert any claim that American Family had failed to tender the premiums paid or that such failure was a prerequisite to the voiding of an insurance policy on grounds of material misrepresentations in the policy application. Further, the Dodds did not identify any designated evidence showing any failure by American Family to tender the paid premiums. This issue was thus not before the trial court when it granted summary judgment. The issue was first raised by the Dodds in their subsequent motion to correct error.

Even if this argument had been made and supported on summary judgment, the law pro-

vides an exception to the requirement that an insurer tender a return of the premiums in order to rescind a contract. Under this exception, "such a tender is not necessary where . . . the insurer has paid a claim thereon which is greater in amount than the premiums paid." Am. Standard Ins. Co. v. Durham, 403 N.E.2d 879, 881 (Ind. Ct. App. 1980) (alteration in original) (quoting 6 Couch on Insurance 779, §§ 34–35 (2d ed. 1961)); *see also* Great E. Cas. Co. v. Collins, 73 Ind. App. 207, 211, 126 N.E. 86, 87 (1920) ("The law, as well as equity and good conscience, does not require appellant to return the premiums where appellee was appellant's debtor for more than the amount thereof."). The designated evidence shows that American Family had previously paid a claim to the Dodds, under the policy in question, for hail damage. Appellants' App'x at 106; Tr. at 85–86. The Dodds dispute neither the claim nor the payment amount of $5,500. Appellants' Br. at 5; Appellants' App'x at 30; Appellee's App'x at 240. Given that the amount of premiums at issue is $2,079.80, Appellee's App'x at 1351, the Dodds could not prevail on their claim of failure to tender premiums—the premise upon which all of their appellate arguments are predicated.[1]

## Conclusion

We affirm the trial court's grant of American Family's motion for summary judgment, and the final judgment entered thereon. We further direct the trial court to release and return the tender of premiums to American Family.

Rucker, David, Massa, and Rush, JJ., concur.

---

[1] In the Summary of the Argument section of their appellants' brief, the Dodds assert that, because the failure to return premiums precludes American Family from voiding or rescinding the insurance contract, American Family intentionally violated its continuing duty of coverage by failing to pay the Dodds' insurance claim, and is thus subject to liability for bad faith punitive damages. In their Argument section, the Dodds explain this contention, stating that the trial court erred in granting summary judgment on the question of punitive damages because the judge "did not see that where [American Family] did not return the policy premiums to the Dodds, [American Family] failed to void the policy as a matter of law." Appellants' Br. at 19. The Dodds' claim of summary judgment error related to their claim for punitive damages is thus subsumed within their challenge to the summary judgment on grounds of the failure to tender or return premiums, which we reject.